CLIPPARD INSTRUMENT LABORATORY, INC., ET AL., APPELLANTS,
*v.* LINDLEY, TAX COMMR., APPELLEE.

(No. 76-1213—Decided May 25, 1977.)

*Strauss, Troy & Ruehlmann Co., L. P. A.,* and *Mr. Alan C. Rosser,* for appellants.

*Mr. William J. Brown,* attorney general, and *Mr. Ronald B. Noga,* for appellee.

*Per Curiam.* The taxpayers contend that even though they failed to file notices of appeal with the Tax Commis-

sioner, their appeals should not have been dismissed because the commissioner received letters from the board notifying him that the taxpayers had filed notices of appeal with the board.

R. C. 5717.02, which provides for appeals from final determinations of the Tax Commissioner to the Board of Tax Appeals, stated, at the time relevant herein, in part:

"Such appeals shall be taken by the filing of a written notice to that effect with the board and with the commissioner within thirty days after notice of the tax assessment, reassessment, valuation, determination, finding, computation, or order by the commissioner has been given or otherwise evidenced as required by law. The notice of such appeal shall set forth, or have attached thereto and incorporated therein by reference, a true copy of the notice sent by the commissioner to the taxpayer of the final determination complained of * * *."

The record demonstrates that no notice of appeal was sent to the commissioner, his only notice deriving from receipt of a docketing letter from the board, nor did the commissioner ever receive a notice in the form made mandatory by statute, *i. e.*, a notice which "set[s] forth, or * * * [has] attached thereto and incorporated therein by reference, a true copy of the notice sent by the commissioner * * *."

In point is this court's decision in *Jewelry Co.* v. *Bowers* (1955), 162 Ohio St. 567. In that cause, "[t]he matter was submitted to the Board of Tax Appeals on the motion to dismiss, presenting only a question of fact as to whether the notice of appeal as filed with the Tax Commissioner had attached to and incorporated therein by reference a true copy of the Tax Commissioner's final determination complained of." The court concluded, in a *per curiam* opinion, that:

"Compliance with the specific and mandatory provisions of Section 5717.02, Revised Code, governing the filing of a notice of appeal is essential to confer jurisdiction on the Board of Tax Appeals. *American Restaurant & Lunch*

*Co.* v. *Glander, Tax Commr.*, 147 Ohio St. 147, 70 N. E. (2d), 93.

"The decision of the Board of Tax Appeals dismissing the appeal on the ground of failure to comply with the mandatory jurisdictional statutory requirement is not unreasonable or unlawful. *Kent Provision Co., Inc.,* v. *Peck, Tax Commr.*, 159 Ohio St. 84, 110 N. E. (2d), 776; *David* v. *Peck, Tax Commr.*, 161 Ohio St. 80, 11 N. E. (2d), 146."

Based on the foregoing, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, STERN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

STERN, J., retired, assigned to active duty under authority of Section 6(C), Article IV, Constitution, sitting for W. BROWN, J.