BOARD OF EDUCATION OF THE MENTOR EXEMPTED VILLAGE SCHOOL DISTRICT, APPELLANT, *v.*
BOARD OF REVISION OF LAKE COUNTY ET AL., APPELLEES.

[Cite as Bd. of Edn. of Mentor v. Bd. of Revision (1980), 61 Ohio St. 2d 332.]

(No. 79-50—Decided March 19, 1980.)

*Gaines, Stern, Schwarzwald & Robiner Co., L.P.A.,* and *Mr. Donald M. Robiner,* for appellant.

*Messrs. Benesch, Friedlander, Coplan & Aronoff* and *Mr. Fred Siegel,* for appellees property owners.

*Per Curiam.*　We are faced with a unique situation in the case at bar. Robert R. Kinney, the Commissioner of Tax Equalization, has filed an affidavit with the Board of Tax Appeals stating that at the present time, due to budgetary restraints, his only function in appeals from the various boards of revision is that of record keeping and that the failure to timely file notice of appeal in no way prejudiced him in the performance of his duties. He ostensibly waives his right to a notice of appeal.

R. C. 5717.01 reads, in pertinent part:

"An appeal from a decision of a county board of revision may be taken to the board of tax appeals within thirty days after notice of the decision of the county board of revision is mailed as provided in Section 5715.20 of the Revised Code* * *. Such appeal shall be taken by the filing of a notice of appeal, either in person or by certified mail, with the board of tax appeals, with the commissioner of tax equalization, and with the county board of revision."

The record demonstrates that the Commissioner of Tax Equalization did not receive notice of the appeal until March 20, 1978, almost two months after the statutory time. Appellant argues in essence that the affidavit of the commissioner waives this defect. However, no provision for waiver appears in the statute.

Although we have never directly addressed the issue of whether the notice-filing requirements of R. C. 5717.01 are mandatory and not subject to waiver, we have addressed this issue regarding the highly analogous provision in R. C. 5717.02.

R. C. 5717.02 provides for appeals from decisions of the Tax Commissioner or from the Commissioner of Tax Equalization, requiring that "[s]uch appeals shall be taken by the filing of a notice of appeal with the board, and with the tax commissioner if his action is the subject of the appeal, or with the commissioner of tax equalization if his action is the subject of the appeal, within thirty days after notice of the tax assessment, reassessment, valuation, determination, finding, computation,

or order by either commissioner has been given or otherwise evidenced as required by law."

In numerous decisions, including *Clippard Instrument* v. *Lindley* (1977), 50 Ohio St. 2d 121, we have confirmed our opinion in *American Restaurant & Lunch Co.* v. *Glander* (1946), 147 Ohio St. 147, which held, at pages 149-150, that "[t]hese requirements are specific and in terms that are mandatory. The very statute which authorizes the appeal prescribes the conditions and procedure under and by which such appeal may be perfected. Where a statute confers the right of appeal, adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred." In *Clippard Instrument,* failure to file a notice of appeal with the Tax Commissioner was held to be jurisdictionally defective.

The provision for the filing of notice of appeal in R. C. 5717.01 is virtually the same as that in R. C. 5717.02. Its requirements are both specific and couched in terms that are mandatory.

In addition, in *Bd. of Edn.* v. *Bd. of Revision* (1973), 34 Ohio St. 2d 231, we inferred that the provision in R. C. 5717.01, that an appeal be taken 30 days after notice of the decision of the board of revision is mailed, as provided in R. C. 5715.20, made compliance with the filing requirements of R. C. 5715.20 (which now include filing with the Commissioner of Tax Equalization) a mandatory prerequisite to the right of appeal given by R. C. 5717.01. It follows from this decision that the stated filing requirements for notices of appeal are mandatory, jurisdictional requirements which can not be waived by an affidavit such as the one filed in the case at bar.

We find that the decision of the Board of Tax Appeals, dismissing the appeal on the ground of failure to comply with the mandatory, jurisdictional requirements in R. C. 5717.01, is not unreasonable or unlawful, and it is hereby affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.