CONSOLIDATED FREIGHTWAYS, INC., APPELLANT, *v.*
SUMMIT COUNTY BOARD OF REVISION, APPELLEE.

[Cite as Consolidated Freightways, Inc. *v.* Summit Cty. Bd. of Revision (1986), 21 Ohio St. 3d 17.]

(No. 85-324—Decided January 2, 1986.)

18

*William A. Zapp,* for appellant.

*Lynn C. Slaby,* prosecuting attorney, and *Mary Beth Green,* for appellee.

*Per Curiam.* In *Bd. of Edn. of Mentor* v. *Bd. of Revision* (1980), 61 Ohio St. 2d 332 [15 O.O.3d 398], this court held that the notice-of-appeal requirements of R.C. 5717.01 are mandatory, and that adherence to the conditions thereby imposed is essential to the enjoyment of the right conferred.[2] The issue in this case is whether Consolidated Freightways complied with the R.C. 5717.01 notice-of-appeal requirements, and thereby invoked the jurisdiction of the Board of Tax Appeals.

The resolution of this issue requires a review of the record including the transcript of the testimony that was presented to the Board of Tax Appeals during the June 15, 1984 hearing. The scope of this review is limited. It is not the function of this court to substitute its judgment for that of the Board of Tax Appeals on factual issues, but only to determine whether the decision reached by the board is unreasonable or unlawful. *Maumee Valley Broadcasting Assn.* v. *Porterfield* (1972), 29 Ohio St. 2d 95, 97 [58 O.O.2d 192]. On the other hand, this court has never held, and declines to hold now, that it should simply rubber stamp the board's factual findings.

The record discloses that attorney Zapp prepared a DTE Form 4, and actually filed it with the Board of Tax Appeals on February 3, 1984. The record further discloses that Zapp sent a certified mailing to the Summit County Board of Revision on February 6, 1984. It is undisputed that the certified mailing was received by the board of revision on February 7, 1984, and that it contained a cover letter from Zapp to "Mr. Tim Davis, Auditor & Secretary to the Board of Revision [of] Summit County." What is disputed is whether or not the certified mailing also contained a DTE Form 4. Robin Alexander, Zapp's secretary, testified that she placed a DTE Form 4 in the February 6, 1984 certified mailing. However, Shelley Rexrode, the clerk for the board of revision, testified that the received mailing did not contain a DTE Form 4. The factual explanations offered by both witnesses seem plausible, and it is possible that they are both telling

---

[2] At the time *Bd. of Edn. of Mentor* v. *Bd. of Revision, supra,* was decided, R.C. 5717.01 read:

"An appeal from a decision of a county board of revision may be taken to the board of tax appeals within thirty days after notice of the decision of the county board of revision is mailed as provided in Section 5715.20 of the Revised Code * * * . Such appeal shall be taken by the filing of a notice of appeal, either in person or by certified mail, with the board of tax appeals, with the commissioner of tax equalization, and with the county board of revision."

the truth as they know it, but that one of them is mistaken. Under such circumstances, evidence that corroborates the sworn testimony is highly relevant, and generally dispositive.

The corroborative evidence tends to support Consolidated Freightways' version of the facts. As stated above, it is undisputed that Zapp *prepared and filed* a DTE Form 4 with the Board of Tax Appeals on February 3, 1984. Furthermore, again as stated above, it is undisputed that Zapp sent a certified mailing to the board of revision on February 6, 1984. The issue in this case is whether that mailing contained a DTE Form 4. It is more probable than not that the February 6, 1984 certified mailing contained a DTE Form 4 because: (1) Robin Alexander who prepared the mailing, testified that it did; and (2) her sworn testimony is corroborated by the undisputed fact that her office had prepared a DTE Form 4 before the mailing was sent. In consideration of this evidence, and considering that the testimony of Shelley Rexrode was not corroborated by any independent evidence, we find that Consolidated Freightways timely filed the DTE Form 4 with the Summit County Board of Revision.

Our decision today is very narrow and we conclude by emphasizing what we do not hold. We do not hold that we will substitute our judgment for that of the Board of Tax Appeals on factual issues, and we do not hold that litigants can disregard the mandatory notice-of-appeal requirements of R.C. 5717.01. All that we hold is that, *in this case,* the factual determination of the Board of Tax Appeals is unreasonable insofar as it found that Consolidated Freightways failed to timely file a DTE Form 4 with the Summit County Board of Revision.

Accordingly, the decision of the Board of Tax Appeals is reversed and this cause is remanded to the board for further proceedings not inconsistent with this opinion.

*Decision reversed
and cause remanded.*

CELEBREZZE, C. J., SWEENEY, WISE, HOLMES, PATTON, DOUGLAS and WRIGHT, JJ., concur.

WISE, J., of the Fifth Appellate District, sitting for LOCHER, J.

PATTON, J., of the Eighth Appellate District, sitting for C. BROWN, J.