AUSTIN COMPANY, APPELLANT, *v.*
CUYAHOGA COUNTY BOARD OF REVISION ET AL., APPELLEES.

BEDFORD INDUSTRIAL PARK, INC., APPELLANT, *v.*
CUYAHOGA COUNTY BOARD OF REVISION, APPELLEE.

[Cite as Austin Co. v. Cuyahoga Cty. Bd. of Revision (1989), 46 Ohio St. 3d 192.]

(Nos. 88-705 and 88-888—Submitted September 19, 1989—Decided November 15, 1989.)

*Arter & Hadden, Jacob I. Rosenbaum, Irene C. Keyse-Walker* and *Z. Sonali Bustamante,* for appellants.

*John T. Corrigan,* prosecuting attorney, and *Saundra Curtis-Patrick,* for appellee.

*Per Curiam.* R.C. 5717.01 provides for appeals from decisions of boards of revision to the BTA:

"An appeal from a decision of a county board of revision may be taken to the board of tax appeals within thirty days after notice of the decision of the county board of revision is mailed as provided in section 5715.20 of the Revised Code [decisions to be sent by certified mail]. * * * Such appeal shall be taken by the filing of a notice of appeal, either in person or by certified mail, with the board of tax appeals and with the county board of revision. * * *"

Appellants argue (1) that the board had actual notice of the appeals since the BTA sent the auditor copies of the docketing letters, (2) that appellants only needed to file a notice of appeal with the BTA within the statutory time limit, (3) that filing a copy of the notice of appeal with the board is procedural and not jurisdictional, and (4) that appellants have substantially complied with the filing requirements. We disagree and hold that, under R.C. 5717.01, an appellant must timely file notices of appeal with the BTA and with the board of revision. If they are not so filed, the BTA does not obtain jurisdiction to hear the appeal.

In *Bd. of Edn. of Mentor Exempted Village School Dist.* v. *Bd. of Revision of Lake Cty.* (1980), 61 Ohio St. 2d 332, 15 O.O. 3d 398, 401 N.E. 2d 435, we held that timely filing of the notice with the Commissioner of Tax Equalization (no longer statutorily required) was jurisdictional. We disregarded the commissioner's virtual waiver of notice. We compared R.C. 5717.01 with R.C. 5717.02 (providing for appeals from the Tax Commissioner) and ruled that both statutes contained specific requirements "* * * couched in terms that are mandatory." *Id.* at 334, 15 O.O. 3d at 399, 401 N.E. 2d at 436.

In *Consolidated Freightways, Inc.* v. *Summit Cty. Bd. of Revision* (1986), 21 Ohio St. 3d 17, 21 OBR 279, 487 N.E. 2d 298, while reversing a BTA dismissal of a notice of appeal on evidentiary grounds, we concluded our opinion by emphasizing that we would continue to hold litigants to the mandatory notice-of-appeal requirements of R.C. 5717.01. We reaffirm those holdings today.

As for appellants' argument that they have substantially complied with the filing requirements, *Akron Standard Div.* v. *Lindley* (1984), 11 Ohio St. 3d 10, 11 OBR 9, 462 N.E. 2d 419, held that the verification requirement for a sales and use tax reassessment

petition was non-jurisdictional. We distinguished the verification requirement from the timely filing requirement. We regarded the latter requirement to be essential because it ran to the core of procedural efficiency. "The thirty-day requirement is an appellate statute of limitations * * *. Failure to comply fully with * * * [it] properly leads to dismissal of the appeal, since substantial compliance has not occurred." *Id.* at 12, 11 OBR at 10, 462 N.E. 2d at 420. The verification requirement, on the other hand, had no such essential purpose and was, therefore, not jurisdictional.

In the instant case, timely filing a copy of the notice of appeal with the board provides that agency with statutory notice of the appeal. According to R.C. 5717.01, after receipt of this notice the board must notify all parties of the appeal and transmit to the BTA a transcript of the board's proceedings, including all evidence received by the board. Thus, under *Akron Standard Div.,* the filing requirement runs to the core of procedural efficiency and is essential to the proceeding. Appellants, thus, have not substantially complied with the statute.

Furthermore, the cases decided since *Akron Standard Div.* cited by appellants considered the contents of a notice of appeal and not its timely filing. *Mullins* v. *Whiteway Mfg. Co.* (1984), 15 Ohio St. 3d 18, 15 OBR 15, 471 N.E. 2d 1383 (failure to include the date of decision appealed from in the notice of appeal under R.C. 4123.519 was not a jurisdictional defect), *Wells* v. *Chrysler* (1984), 15 Ohio St. 3d 21, 15 OBR 18, 472 N.E. 2d 331 (including the name of the employer only in the caption of the notice of appeal and not designating the employer as appellee were not jurisdictional defects), and *Fisher* v. *Mayfield* (1987), 30 Ohio St.

3d 8, 30 OBR 16, 505 N.E. 2d 975 (misstating the agency from which the appeal was taken and the date of its decision was not a jurisdictional defect) do not support appellants' position. Moreover, R.C. 4123.519, the statute reviewed in these cases, must be construed liberally in favor of employees and dependents of deceased employees under R.C. 4123.95. See *Mullins, supra.*

Further, the BTA's docketing letters do not replace appellants' duty to file their notices of appeal with the board. In *Clippard Instrument Laboratory, Inc.* v. *Lindley* (1977), 50 Ohio St. 2d 121, 4 O.O. 3d 279, 363 N.E. 2d 592, we held that filing a copy of the notice of appeal with the commissioner under R.C. 5717.02 was required despite the BTA's notifying the commissioner of the appeal by a letter. We apply that holding to this case. The BTA, evidently pursuing procedural efficiency, undertook to notify the board here. However, the BTA has no statutory duty to inform a board of revision that an appeal has been filed. The statute burdens appellants with this duty. Appellants may not substitute the BTA's voluntary deeds for their required acts.

A notice of appeal, furthermore, gives more information than does the BTA's docketing letter. The notice describes the property under appeal and lists its taxing district, which could be different from information contained in the complaint initially filed with the board. For example, an appellant could appeal as to only a portion of the property first included in the complaint. The notice also reveals an appellant's current claim of fair market value, which could be different from the value stated in the initial complaint or that supported by the evidence before the board. The difference

could lead to settlement of the appeal prior to the BTA hearing. Thus, good reasons exist for the statutory design requiring an appellant to file a timely notice of appeal with the board of revision.

Accordingly, we find the BTA's decision in each case to be reasonable and lawful and affirm them.

*Decisions affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.