MEMORANDUM OPINION
{¶ 1} Appellee, Broad Jackson, Ltd., has now moved this court to dismiss the instant appeal for lack of jurisdiction. As the sole basis for the motion, appellee asserts that, in bringing this appeal, appellant, the Conneaut Area City School District Board of Education, failed to satisfy the basic statutory requirements for maintaining an appeal from the Ohio Board of Tax Appeals. For the following reasons, we conclude that the motion to dismiss is well taken.
 {¶ 2} The subject matter of the underlying proceeding concerns the value of two parcels of land located in Conneaut, Ohio. In July 2003, appellee bought both parcels and the attached buildings for the total sum of $275,000. At some point after the sale, appellee received a notice from the Ashtabula County Auditor stating that the value of the parcels and buildings had been found to be $798,100 for the purpose of calculating the property tax for the 2003 tax year. Upon receiving this assessment, appellee filed a complaint with the Ashtabula County Board of Revision, requesting that the Auditor's determination of the "true" value of the parcels and buildings be lowered substantially. However, at the end of this proceeding, the Board of Revision upheld the assessment of the Auditor.
 {¶ 3} Appellee then appealed the matter to the Ohio Board of Tax Appeals. As the primary grounds for the appeal, appellee maintained that the true value of the entire property should be set at $275,000, the amount it had paid to purchase the property during the tax year. After conducting an evidentiary hearing on the matter, the Board of Tax Appeals issued a written decision in which it reversed the judgment of the Board of Revision and held that the property tax should be calculated upon a value of $275,000.
 {¶ 4} The decision of the Board of Tax Appeals was issued on January 6, 2006. On February 2, 2006, appellant's counsel then filed with this court a notice of appeal in regard to the foregoing decision. This particular notice of appeal was clearly submitted within thirty days of the release of the appealed decision.
 {¶ 5} On February 6, 2006, the Clerk for the Board of Tax Appeals made an entry on the docket of the underlying case which indicated that the Clerk had received from Appellant a written demand to file the certified transcript of the Board proceedings with this court. Three days later, the Clerk received a telephone inquiry from appellant's counsel, who asked whether the Clerk had already complied with the request to certify the transcript. In response, the Clerk stated that a complete copy of the transcript would not be sent to this court because a timely notice of appeal had never been filed with the Board. Counsel then faxed to the Clerk a copy of the notice of appeal he had previously submitted to this court, and the receipt of that notice was noted upon the Board's docket on February 9, 2006.
 {¶ 6} When it became evident that the Board Clerk did not intend to certify the entire Board record, appellant moved this court to "invoke" our jurisdiction and order the Clerk to certify the entire record for filing in this appeal. In turn, appellee filed a motion to dismiss this appeal on the grounds that appellant had failed to submit to the Board of Tax Appeals its notice of appeal within thirty days of the date of the Board's decision. In support of its motion, appellee argued that, pursuant to R.C. 5717.04, a notice of appeal from a Tax Board decision must be filed with both the Board and the appellate court.
 {¶ 7} In responding to the motion to dismiss, appellant has essentially argued that its notice of appeal to the Board should be deemed timely because its counsel took the necessary steps to ensure that the Clerk for the Board receive the notice of appeal prior to February 6, 2006. In support of this argument, appellant has referred to the affidavit of its counsel which was attached to its motion to invoke jurisdiction. In the affidavit, the attorney averred that: (1) after filing the notice of appeal with this court, he prepared a packet of documents which included a copy of the notice of appeal; (2) he then gave the packet to his secretary and instructed her to mail copies of the packet to various individuals, including the Clerk for the Board of Tax Appeals; (3) when the Clerk subsequently told him that she had not received a notice of appeal, he stated that he was surprised at this because he had included the notice in the packet he had given to the secretary; and (4) he further told the Clerk that since she did not receive the notice, it must have been due to an inadvertent error by the secretary.
 {¶ 8} As both parties to this matter correctly note, the procedure for an appeal of a decision of the Board of Tax Appeals to an appellate court is set forth in R.C. 5717.04. In regard to the initiation of the appeal, the statute states: "Such appeals shall be taken within thirty days after the date of the entry of the decision of the board on the journal of its proceedings, as provided by such section, by the filing by appellant of a notice of appeal with the court to which the appeal is taken and the board."
 {¶ 9} Our review of R.C. Chapter 5717 indicates that it contains other provisions which set forth basic requirements similar in nature to the foregoing. For example, R.C. 5717.01
provides that if a party intends to appeal a decision of a board of revision to the Board of Tax Appeals, he must submit his notice of appeal to both the board of revision and the Appeals Board. In interpreting R.C. 5717.01, the Supreme Court of Ohio has expressly held that the requirement of submitting a notice to both boards is considered jurisdictional in nature, and that the failure to comply with the requirement can be proper grounds for dismissal. Salem Medical Arts Development Corp. v. ColumbianaCty. Bd. of Revision (1998), 80 Ohio St.3d 621, 623; Austin Co.v. Cuyahoga Cty. Bd. of Revision (1989), 46 Ohio St.3d 192, 194. In light of the foregoing precedent regarding R.C. 5717.01, it has also been concluded that the requirements under R.C. 5717.04
for filing a notice of appeal from the Board of Tax Appeals to an appellate court are jurisdictional in nature; i.e., the failure to submit two timely notices deprives the appellate court of authority to go forward with the appeal. See Suchy v. Zaino,
6th Dist. No. L-03-1101, 2003-Ohio-5270 at ¶ 15.
 {¶ 10} The foregoing interpretations are based upon the general proposition that if a right to appeal is conferred by a statute, the right must be invoked in accordance with any mandatory requirement delineated under the provision. GreatNorthern Partnership v. Cuyahoga Cty. Bd. of Revision (July 19, 1990), 8th Dist. No. 57277, 1990 Ohio App. LEXIS 2970, at *6, citing Zier v. Bur. of Unemp. (1949), 151 Ohio St. 123, at paragraph one of the syllabus. Furthermore, the Supreme Court has stated that the filing requirements for an administrative appeal must be construed as mandatory to encourage procedural efficiency in the prosecution of the appeal. Salem Medical Arts Development Corp., 80 Ohio St.3d at 623.
 {¶ 11} In opposing the dismissal motion in the instant matter, appellant does not challenge the point that the filing requirements of R.C. 5717.04 must be interpreted as jurisdictional under the case law of this state. Instead, appellant asserts that, in bringing this appeal, it did satisfy the statutory requirements that a timely notice of appeal must be submitted to both the Board of Tax Appeals and this court. That is, appellant argues that the acts of its counsel in attempting to mail a copy of the notice to the Board must be construed as substantial compliance with R.C. 5717.04. In support of its argument, appellant cites Consolidated Freightways, Inc. v.Summit Cty. Bd. of Revision (1986), 21 Ohio St.3d 17.
 {¶ 12} Consolidated Freightways involved an appeal from a board of revision to the Board of Tax Appeals. After submitting a timely notice of appeal to the Appeals Board, counsel for the company tried to take steps to mail a copy of that notice to the board of revision within the thirty-day period for an appeal. However, the secretary for the board of revision never noted receipt of the notice on that board's docket because, according to the secretary, the letter she received from counsel did not actually contain a copy of the notice. During an evidential hearing before the Board of Tax Appeals, the secretary for the attorney expressly contradicted the board's secretary by testifying that she could recall including a copy of the notice of appeal with the letter. Rejecting this testimony, the Board of Tax Appeals dismissed the company's appeal on the basis that the notice had not been submitted to both boards in a timely manner.
 {¶ 13} The company in Consolidated Freightways then appealed the decision of the Board directly to the Supreme Court. In reversing the determination that the appeal to the Board had not been brought in accordance with R.C. 5717.01, the Supreme Court concluded that the Board's factual finding as to whether a copy of the notice had been mailed to the board of revision had been unreasonable under the circumstances. The Court emphasized that other evidence before the Board had supported the testimony of the secretary for the attorney.
 {¶ 14} Although Consolidated Freightways involved an appeal pursuant to R.C. 5717.01, the wording of the "appeal" requirements under that statute are so similar to the language in R.C. 5717.04 that there is simply no logical reason to apply the statutes differently. To this extent, we conclude that theConsolidated Freightways holding can be followed in regard to an appeal under R.C. 5717.04 when such an appeal presents a similar factual scenario.
 {¶ 15} Nevertheless, this court would also note that the Ohio Supreme Court has expressly stated in a subsequent opinion that the holding in Consolidated Freightways was intended to limited to the facts of that specific case. In Austin Co.,46 Ohio St.3d at 193, the Court reiterated that ConsolidatedFreightways should not be interpreted as an indication that it would not "continue to hold litigants to the mandatory notice-of-appeal requirements of R.C. 5717.01." Therefore, this court also concludes that Consolidated Freightways does not stand for the proposition that an appeal under R.C. 5717.01 will still be allowed to go forward even though the notice of appeal was not submitted in a timely manner due to an inadvertent error. Rather, that case only stands for the general proposition that, when there is a factual conflict as to whether the proper procedure for submitting the notice of appeal was employed, a factual determination can be made to resolve the conflict.
 {¶ 16} In Consolidated Freightways, the secretary for the attorney stated that she had placed the copy of the notice of appeal in the envelope which was sent to the board of revision; thus, under that secretary's version of the events, the fact that the notice of appeal was not "filed" timely could only be attributed to an error by the secretary of the board. In the instant case, though, appellant's counsel averred in his affidavit that when he spoke to the Clerk for the Board of Tax Appeals, he stated to her that the fact that a copy of the notice of appeal was not included in his correspondence to her had to be due to inadvertent error by his own secretary. Furthermore, when appellant's counsel faxed a copy of the notice to the Clerk, he indicated that, even though he had intended for a copy of the notice to be sent to her, the copy had inadvertently been "left out" of the envelope. Thus, under appellant's own version of the events, the fact the notice was not timely filed with the Board was attributable to the actions of counsel's own staff, not the Clerk.
 {¶ 17} In its briefing before this court, appellant emphasizes that its counsel was "surprised" to learn that the Clerk had not received a copy of the notice with the packet that his office had mailed to her on February 2, 2006. While this court would agree that this statement shows that counsel intended to send the notice at that time, it simply is not sufficient to create the type of factual conflict which existed inConsolidated Freightways. In light of the Supreme Court's subsequent interpretation of that precedent, it follows that the holding in Consolidated Freightways can only be applied when the appealing party asserts that the mistake in regard to the filing is attributable solely to the board and its personnel, thereby creating a factual conflict. In the instance, appellant's own evidential materials lay the blame on counsel's own staff.
 {¶ 18} In addition, this court would restate that the fact that the error by counsel's staff was inadvertent is irrelevant under the Consolidated Freightways analysis. Since the filing requirements of R.C. 5717.04 are jurisdictional, the burden is upon the appealing party to ensure that the notice of appeal is received by the Board of Tax Appeals in a timely manner. If we were to deem that the actions of appellant in this specific instance constituted substantial compliance with the statute, it would open the door to countless excuses which could legitimately be employed to explain the failure to comply with the filing requirements. In turn, if we were to accept such excuses, the thirty-day rule would become meaningless and appellate courts would constantly be engaged in the analysis of judging the propriety of various excuses. Since we never engage in such an analysis in applying the thirty-day rule for civil appeals under App.R. 4(A), there is no reason to create such an exception in regard to R.C. 5717.04.
 {¶ 19} As a separate argument in this matter, appellant contends that its appeal should be deemed timely because the Clerk for the Board of Tax Appeals received its written demand for the transcript of the proceedings prior to the end of the thirty-day period. Appellant argues that the written demand put the Clerk on notice that it intended to appeal the Board's decision.
 {¶ 20} As to this point, this court would indicate that the Supreme Court has held that other legal documents cannot act as substitutes for a proper notice of appeal. For example, inAustin Co., the Supreme Court rejected the argument that a docketing statement from the Board of Tax Appeals was sufficient to provide notice to a board of revision of the filing of an appeal Id., at 46 Ohio St.3d at 194. See, also, Gdovichin v.Geauga Cty. Highway Dept. (1993), 90 Ohio App.3d 805, 808. The basis for this holding is that other legal documents do not contain the specific information which is required in a proper notice of appeal.
 {¶ 21} In this appeal, our review of the record verifies that, while appellant did file its notice of appeal before us in a timely manner, the Clerk for the Board of Tax Appeals did not receive that notice until three days after the conclusion of the thirty-day period. In light of the foregoing analysis, this court therefore concludes that appellant failed to complete all of the necessary steps to properly invoke our jurisdiction over a tax appeal under R.C. 5717.04.
 {¶ 22} Accordingly, appellee's motion to dismiss is granted. It is the order of this court that the instant appeal is hereby dismissed for lack of jurisdiction.
O'Neill, J. Grendell, J., concur.