OPINION
{¶ 1} This is an appeal from a final order of the Board of Tax Appeals dismissing an appeal for lack of jurisdiction.
 {¶ 2} Plaintiff PFD Development PLL ("PFD") owns real property in Xenia that originally consisted of approximately 322 acres of farmland, woodland, and wetlands. Over the past ten years, PFD has divided off small sections of the property for development. Approximately fourteen acres were given to the City of Xenia for use as a park and 114 acres have been developed. In 2004, an approximately 61-acre portion was leased to a farmer. There is an area of approximately 193 acres remaining that is a combination of farmland, woodland, and wetlands.
 {¶ 3} In December 2003, PFD filed an application for the valuation of the remaining land at its current agricultural use with the Greene County Auditor for the tax year 2004. In February 2005, PFD received a real estate tax bill for the first half of 2004 that was greater than PFD expected. The tax bill did not reflect an agricultural use reduction for any part of the property.
 {¶ 4} On March 30, 2005, PFD filed a complaint with the Greene County Auditor, requesting an agricultural use reduction. On April 15, 2005, the Greene County Board of Revision ("BOR") recommended denying PFD's request for a reduction. A hearing was held on May 9, 2005 before the BOR. On May 16, 2005, the BOR denied PFD's request for the reduction. The BOR's order was sent to PFD and PFD's counsel on May 16, 2005 via certified mail. PFD filed a timely notice of appeal with the Board of Tax Appeals ("BTA") on June 15, 2005. The BTA, on June 19, 2005, requested a transcript of the proceedings before the BOR.
 {¶ 5} On July 22, 2005, the BTA issued an order to show cause why PFD's appeal should not be dismissed for lack of jurisdiction due to PFD's failure to file a timely notice of appeal with the BOR, as required by R.C. 5717.01. In response to the show cause order, PFD filed a notice of appeal with the BOR on July 25, 2005. The BTA dismissed PFD's appeal on September 23, 2005, for lack of jurisdiction.
 {¶ 6} PFD filed a timely notice of appeal from the decision of the BTA.
ASSIGNMENT OF ERROR
 {¶ 7} "THE BTA ERRED IN DISMISSING APPELLANT'S APPEAL."
 {¶ 8} R.C. 5717.01 governs appeals to the board of tax appeals from decisions of a county board of revision. That section provides, in relevant part:
 {¶ 9} "An appeal from a decision of a county board of revision may be taken to the board of tax appeals within thirty days after notice of the decision of the county board of revision is mailed as provided in division (A) of section 5715.20 of the Revised Code. . . . Such appeal shall be taken by the filing of a notice of appeal . . . with the board of tax appeals and with the county board of revision." (Emphasis supplied).
 {¶ 10} R.C. 5715.20(A) provides that "A person's time to file an appeal under section 5717.01 of the Revised Code commences with the mailing of notice of the decision to that person as provided in this section."
 {¶ 11} The BOR mailed notice of its decision to PFD on May 16, 2005. PFD filed its timely notice of appeal with the BTA on June 15, 2005, but, due to a clerical error at the office of PFD's counsel, PFD did not file a notice of appeal with the BOR until July 25, 2005. PFD concedes that R.C. 5717.01 requires a notice of appeal to be filed with a board of revision and that PFD failed to file its notice of appeal with the BOR within thirty days of when the BOR's decision was mailed to PFD.
 {¶ 12} PFD contends that the requirement to file a notice of appeal with the BOR within thirty days is procedural rather than jurisdictional in nature, and that PFD's appeal with the BTA should proceed because there was no flagrant, substantial disregard for the process. PFD's argument is unpersuasive, however, because the Supreme Court has made it very clear that statutes prescribing how to appeal tax matters are jurisdictional, not procedural. Huber Heights Circuit Courts,Ltd. v. Carne (1996), 74 Ohio St.3d 306, 307.
 {¶ 13} PFD also argues that R.C. 5717.01 is ambiguous in that it does not explicitly provide that the thirty-day requirement applies to the notice of appeal to be filed with the BOR because the BOR is not mentioned in 5717.01 until two sentences after the portion stating that an appeal "may be taken to the board of tax appeals within thirty days. . . ." This argument is not persuasive. The section unambiguously requires that notices of appeal must be filed with both the BOR and BTA within thirty days from when the BOR mails its decision. We are unaware of any rule of statutory construction that would ignore the plain language of the statute simply because of the amount of separation between sentences.
 {¶ 14} Moreover, the Supreme Court has applied the plain language of R.C. 5717.01 to require that a notice of appeal must be filed with the BOR within thirty days from when the BOR mailed notice of its decision.
 {¶ 15} In Austin Co. v. Cuyahoga Cty. Bd. ofRevision (1989), 46 Ohio St.3d 192, the appellants had timely served a notice of appeal with the BTA, but had failed to timely serve the BOR. The appellants, like PFD, argued that the BOR had notice through other circumstances, the thirty-day notice requirement only applied to the notice of appeal to the BTA, filing a copy of the notice of appeal is procedural and not jurisdictional, and the appellants had substantially complied with the filing requirements. The Supreme Court rejected these arguments and held that "under R.C. 5717.01, an appellant must timely file notices of appeal with the BTA and with the board of revision. If they are not so filed, the BTA does not obtain jurisdiction to hear the appeal." AustinCo., 46 Ohio St.3d at 193.
 {¶ 16} Finally, PFD argues that the Board of Tax Appeal's dismissal of the appeal on purely procedural grounds is contrary to the law's preference to have cases decided on their merits, especially where there is excusable neglect and no prejudice to any party. PFD's argument cannot overcome The Supreme Court's decisions in Austin and Huber Heights, which are controlling.
 {¶ 17} PFD's assignment of error is overruled. The judgment of the Board of Tax Appeals will be affirmed.
Wolff, J. and Donovan, J., concur.