[Cite as *Foster v. Cuyahoga Cty. Bd. of Revision*, 2011-Ohio-5508.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96841**

# RICHARD W. FOSTER

PLAINTIFF-APPELLANT

vs.

# CUYAHOGA COUNTY BOARD OF REVISION, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-742430

**BEFORE:**   E. Gallagher, J., Kilbane, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**     October 27, 2011

**ATTORNEY FOR APPELLANT**

Allen A. Kacenjar
Allen A. Kacenjar Co., L.P.A.
400 Brookview Centre
5241 Broadview Road
Cleveland, Ohio    44134


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:    Mark R. Greenfield
Asst. County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113



EILEEN A. GALLAGHER, J.:

{¶ 1}   Richard Foster appeals from the decision of the trial court, dismissing his administrative appeal from the Board of Revision.   Foster argues that the trial court erred when it found that he did not comply with the requirements of R.C. 5717.05 and granted appellees' motion to dismiss as being untimely filed.   For the following reasons, we affirm the decision of the trial court.

{¶ 2}   On December 30, 2009, Foster filed a complaint against the valuation of his home, permanent parcel no. 601-03-059.   On November 3, 2010, the Board of

Revision for Cuyahoga County, Ohio rendered a decision on Foster's complaint, lowering the property's value by $52,800. On November 30, 2010, Foster appealed the Board of Revision's decision through an administrative appeal filed in the Cuyahoga County Court of Common Pleas. Foster named the Board of Revision and Jim Rokakis, the former County Treasurer, as appellees.[1] Foster alleged that the Board of Revision's evaluation was contrary to law, was discriminatory and was not supported by the evidence.

{¶ 3} On April 27, 2011, defendants-appellees, the Board of Revision, and James Rokakis, former Treasurer of Cuyahoga County, filed a motion to dismiss. In that motion, the appellees argued that Foster failed to comply with the mandates of R.C. 5717.05, which governs appeals from the Boards of Revision. Specifically, appellees argued that Foster failed to name the Cuyahoga County Fiscal Officer (formerly the Cuyahoga County Auditor) in his administrative appeal, and failed to serve the Fiscal Officer, as well as the appellees, with notice of this appeal by certified mail. Appellees argued these violations of R.C. 5717.05 deprived the trial court of jurisdiction to hear the appeal. Foster opposed the motion, which was nonetheless granted on May 17, 2011, finding as follows:

> "Appellees' motion to dismiss, filed 4/27/2011, is granted. R.C. 5717.05 states, 'the County Auditor and all parties to the proceeding before the Board, other than

---

[1]The current County Treasurer of Cuyahoga County is Richard W. Sensenbrenner.

the appellant filing in the court, shall be made appellees, and notice of the appeal shall be served upon them by certified mail unless waived.' Appellant has failed to name the Cuyahoga County Fiscal Officer (formerly known as the Cuyahoga County Auditor) as an appellee and has failed to serve the Fiscal Officer with a copy of the notice of appeal. * * * Appellant's notice of appeal is dismissed."

{¶ 4} Foster appeals, raising the two assignments of error contained in the appendix to this opinion.

{¶ 5} In his first assigned error, Foster argues the trial court erred in finding that he did not comply with the requirements of R.C. 5717.05. We disagree.

{¶ 6} In *4747 Mann, LLC v. Cuyahoga Cty. Bd. of Revision*, Cuyahoga App. No. 95596, 2011-Ohio-2593, this Court dealt with a similar factual scenario. In *4747 Mann*, this court affirmed the court of common pleas dismissal of the appellant landowner's administrative appeal after the landowner failed to name the county auditor as a party to the appeal. Id.

{¶ 7} Specifically, *4747 Mann* found as follows:

"The jurisdiction of the common pleas court is fixed by statute. *Mattone v. Argentina* (1931), 123 Ohio St. 393, 175 N.E.2d 603. See, also, Article IV, Section 4(B) of the Ohio Constitution ('The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law.'). When the right to appeal to the court of common pleas is conferred by statute, '[t]he exercise of the right conferred is conditioned upon compliance with the accompanying mandatory requirements.' *Zier v. Bur. of Unemp. Comp.* (1949), 151 Ohio St. 123, 84 N.E.2d 746, paragraph one of the syllabus. In *Huber Hts. Circuit Courts Ltd. v. Carne*, 74 Ohio St.3d 306, 1996-Ohio-157, 658 N.E.2d 744, the supreme court held that the requirements of R.C. 5717.05 are 'mandatory and jurisdictional.' Id. at 307, 658 N.E.2d 744."

{¶ 8} Foster concedes that his notice of appeal to the court of common pleas

failed to name the Fiscal Officer as a party and that he further failed to serve the parties via certified mail. However, Foster attempts to distinguish *Huber Hts.,* and *4747 Mann*, arguing that unlike the appellants in those cases, both the Fiscal Officer and the named appellees had actual notice of the complaint. In particular, Foster served the County Treasurer, by U.S. mail, he hand-delivered the complaint to the Board of Revision and received a signed receipt from the Board, and he delivered a copy of the complaint to the county prosecutor, who represented the Board of Revision, the County Treasurer and the Fiscal Officer. Accordingly, Foster argues, he complied with the spirit of the statute because all parties, including the Fiscal Officer, had notice of the appeal.

{¶ 9} The Supreme Court rejected this argument in *Olympic Steel, Inc. v. Cuyahoga Cty. Bd. of Revision*, 110 Ohio St.3d 1242, 2006-Ohio-4091, 852 N.E.2d 178, stating that the "mandatory and jurisdictional" language used in R.C. 5717.05 and addressed in *Huber Hts.* applied to "the requirement of joinder and service." Id. at ¶2, 658 N.E.2d 744. The court's use of the language "joinder and service" in *Olympic Steel* confirmed that these were statutory requirements, both of which were mandatory and jurisdictional. See, also, *4747 Mann.* As stated by this court in *4747 Mann*, "*Olympic Steel* is consistent with a long line of cases that require strict compliance with statutorily-granted rights of appeal in administrative law cases. See, e.g., *Austin Co. v. Cuyahoga Bd. of Revision* (1989), 46 Ohio St.3d 192, 546 N.E.2d 404 (actual notice insufficient substitute to satisfy appeal notice requirements); *Clippard Instrument Lab.,*

*Inc. v. Lindley* (1977), 50 Ohio St.2d 121, 363 N.E.2d 592 (letter an insufficient substitute for statutorily required copy of a notice of appeal); *Salem Med. Arts & Dev. v. Columbiana Cty*., 80 Ohio St.3d 621, 1998-Ohio-657, 687 N.E.2d 746 (delivery of a copy of a notice of appeal to an assistant prosecutor with whom the taxpayer had been negotiating a settlement did not satisfy the R.C. 5717.01 requirement that an appellant must file a copy of its notice of appeal from a Board of Revision with the Board of Revision)."

{¶ 10} It is uncontested that Foster failed to name the Fiscal Officer as a party in his notice of appeal and further, that he failed to serve the Fiscal Officer, as well as the two other named appellees, by certified mail. This was a jurisdictional failure of joinder and service, thus depriving the court of common pleas of subject matter jurisdiction to hear the appeal. See *4747 Mann, George Whalley Co. v. Cuyahoga Cty. Bd. of Revision* (Nov. 21, 1984), Cuyahoga App. Nos. 47890 and 47984. Accordingly, we affirm the decision of the trial court and overrule Foster's first assignment of error.

{¶ 11} In his second and final assignment of error, Foster argues the trial court erred when it granted the motion to dismiss. Specifically, Foster argues the appellees' motion to dismiss was untimely and, therefore, the court erred when it granted the motion. We disagree.

{¶ 12} In putting forth the argument that a trial court errs when it rules upon an allegedly untimely motion to dismiss, Foster has failed to cite to any case law supporting

his position. An appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2) if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7). *State v. Martin* (July 12, 1999), Warren App. No. CA99-01-003, citing *Meerhoff v. Huntington Mtge. Co.* (1995), 103 Ohio App.3d 164, 658 N.E.2d 1109; *Siemientkowshi v. State Farm Insurance,* Cuyahoga App. No. 85323, 2005-Ohio-4295. "If an argument exists that can support this assigned error, it is not this court's duty to root it out." *Cardone v. Cardone* (May 6, 1998), Summit App. Nos. 18349 and 18673.

{¶ 13} Further, in our analysis of Foster's first assignment of error, we determined that Foster committed the dual jurisdictional failure of joinder and service, failures that deprived the court of any authority to hear Foster's appeal. Accordingly, Foster's second assignment of error is overruled.

{¶ 14} The judgment of the trial court is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
KENNETH A. ROCCO, J., CONCUR

Appendix

Assignments of Error:

"I.   The trial court erred in finding that the appellant has not complied with the requirements of R.C. 5717.05."

"II.   The trial court erred in granting appellees' motion to dismiss the appellant's administrative appeal."