[Cite as *Musarra v. Cuyahoga Cty. Aud.*, 2012-Ohio-3967.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98321**

## LORI MUSARRA

PLAINTIFF-APPELLANT

vs.

## CUYAHOGA COUNTY AUDITOR, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-770727

**BEFORE:** E. Gallagher, J., Celebrezze, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** August 30, 2012

**ATTORNEY FOR APPELLANT**

Christopher A. Lencewicz
The Lencewicz Co., LPA
P.O. Box 221032
Cleveland, Ohio    44122


**ATTORNEYS FOR APPELLEES**

**For Cuyahoga County Auditor**

William D. Mason
Cuyahoga County Prosecutor

By:    Mark R. Greenfield
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113

**For Shaker Heights School District**

Shaker Heights School District, pro se
15900 Parkland Drive
Shaker Heights, Ohio    44120

EILEEN A. GALLAGHER, J.:

**{¶1}** This is an accelerated appeal authorized pursuant to App.R. 11.1 and Loc.App.R. 11.1.

**{¶2}** Lori Musarra appeals from the decision of the trial court, which dismissed her administrative appeal from the Cuyahoga County Board of Revision. Musarra argues the trial court erred when it found that she did not comply with the requirements of R.C. 5717.05. For the following reasons, we affirm the decision of the trial court.

**{¶3}** On March 15, 2011, Musarra filed a complaint against the valuation of property, permanent parcel numbers 732-04-006, 732-04-014, and 732-04-015. On November 7, 2011, the Board of Revision for Cuyahoga County, Ohio, rendered a decision on Musarra's complaint, denying any relief on the valuation of the property. On December 6, 2011, Musarra filed her notice of appeal with the Cuyahoga County Court of Common Pleas. Immediately after filing the notice, Musarra's attorney provided the Board of Revision with a copy of the notice and received a time stamp from the Board acknowledging its receipt. Musarra forwarded a copy of the notice to the Shaker Heights School District via certified mail, but failed to serve the Board of Revision or the Cuyahoga County Fiscal Officer by certified mail.

**{¶4}** On March 2, 2012, the Cuyahoga County Fiscal Officer ("Fiscal Officer") filed a motion to dismiss. In said motion, it was argued that Musarra failed to comply with the mandates of R.C. 5717.05, which requires that all parties shall be served by certified mail.

The Fiscal Officer argued that Musarra failed to properly serve the Board of Revision as well as the Fiscal Officer with notice of the appeal by certified mail and that this violation of R.C. 5717.05 deprived the trial court of jurisdiction to hear the appeal. Musarra opposed the motion and on April 9, 2012, the trial court granted the Board's motion, finding as follows:

> Cuyahoga County Auditor motion to dismiss * * * is granted. The Ohio Supreme Court has been adamant that the R.C. 5717 appeal requirements be strictly construed. *See Austin Company v. Cuyahoga Board of Revision* (1989), 46 Ohio St.3d 192, 193; *Clippard Instrument Lab., Inc. v. Lindley* (1997), 50 Ohio St.2d 121, 122; *Salem Medical Arts and Development v. Columbiana County* (1998), 80 Ohio St.3d 62. For these reasons, Defendant's motion is granted. Final.

{¶5} Musarra appeals, raising the two assignments of error contained in the appendix to this opinion.

{¶6} In her first assignment of error, Musarra argues the trial court erred in finding that she did not comply with the requirements of R.C. 5717.05. We disagree.

{¶7} In *4747 Mann, LLC v. Cuyahoga Cty. Bd. of Elections*, 8th Dist. No. 95596, 2011-Ohio-2593, this court held as follows:

> The jurisdiction of common pleas court is fixed by statute. *Mattone v. Argentina*, 123 Ohio St. 393, 397, 175 N.E. 603 (1931). *See also* Article IV, Section 4(B) of the Ohio Constitution ("The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law."). When the right to appeal to the court of common pleas is conferred by statute, "[t]he exercise of the right conferred is

conditioned upon compliance with the accompanying requirements." *Zier v. Bur. of Unemp. Comp.*, 151 Ohio St. 123, 84 N.E.2d 746, (1949), paragraph one of the syllabus. In *Huber Hts. Circuit Courts Lts. v. Carne*, 74 Ohio St.3d 306, 308, 1996-Ohio-157, 658 N.E.2d 744, the supreme court held that the requirements of R.C. 5717.05 are "mandatory and jurisdictional." *Id.* at 307, 658 N.E.2d 744.

{¶8} Musarra concedes that she failed to serve the Board of Revision and the Fiscal Officer by certified mail. However, Musarra attempts to distinguish *Huber Hts.* and *4747 Mann*, arguing that unlike the appellants in those cases, both the Board and the Fiscal Officer had actual notice of the complaint. Musarra hand delivered a copy of the notice of appeal to the Board of Revision and received a time-stamped receipt from the Board. Although she admits no attempt at service on the Fiscal Officer, Musarra argues that both parties had notice and accordingly, she complied with the spirit of the statute.

{¶9} The Supreme Court rejected this argument in *Olympic Steel, Inc. v. Cuyahoga Cty. Bd. of Revision*, 110 Ohio St.3d 1242, 2006-Ohio-4091, 852 N.E.2d 178, stating that the "mandatory and jurisdictional" language used in R.C. 5717.05 and addressed in *Huber Hts.* applied to "the requirement of joinder and service." *Id.* at paragraph two, 658 N.E.2d 744. The court's use of the language "joinder and service" in *Olympic Steel* confirmed that these were statutory requirements, both of which were mandatory and jurisdictional. *See also 4747 Mann*. As stated by this court in *4747 Mann*,

> *"Olympic Steel"* is consistent with a long line of cases that require strict compliance with statutorily-granted rights of appeal in administrative law cases. *See, e.g.*, *Austin Co. v. Cuyahoga Bd. of Revision*, 46 Ohio St.3d 192, 193, 546 N.E.2d 404 (1989) (actual notice insufficient substitute to satisfy appeal notice requirements); *Clippard Instrument Lab., Inc. v. Lindley*, 50 Ohio St.2d 121, 122, 363 N.E.2d 592 (1977) (letter an insufficient substitute for statutorily required copy of a notice of appeal); *Salem Med. Arts & Dev. v. Columbiana Cty.,* 80 Ohio St.3d 621, 1998-Ohio-657, 687 N.E.2d 746 (delivery of a copy of

a notice of appeal to an assistant prosecutor with whom the taxpayer had been negotiating a settlement did not satisfy the R.C. 5717.01 requirement that an appellant must file a copy of its notice of appeal from a Board of Revision with the Board of Revision).

{¶10} It is uncontested that Musarra failed to serve both the Board of Revision and the Fiscal Officer with her notice of appeal by certified mail. This was a jurisdictional failure of joinder and service, thus depriving the court of common pleas of subject matter jurisdiction to hear the appeal. *See 4747 Mann, George Whalley Co. v. Cuyahoga Cty. Bd. of Revision*, 8th Dist. Nos. 47890 and 47984, 2011-Ohio-2593, (Nov. 21, 1984); *Foster v. Cuyahoga Cty. Bd. of Revision,* 8th Dist. No. 96841, 2011-Ohio-5508. Accordingly, we affirm the decision of the trial court and overrule Musarra's first assignment of error.

{¶11} In her second and final assignment of error, Musarra argues that the Fiscal Officer waived the filing requirements of R.C. 5717.05 when the Board of Revision accepted a copy of the notice of appeal. We disagree.

{¶12} In putting forth this argument, Musarra has failed to cite to any case law supporting her position. An appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2) if an appellant fails to cite to any legal authority in support of an argument as required by App.R.16(A)(7). *State v. Martin*, 12th Dist. No. CA99-01-003, 1999 Ohio App. LEXIS 3266 (July 12, 1999), citing *Meerhoff v. Huntington Mtge. Co.*, 103 Ohio App.3d 164, 658 N.E.2d 1109 (12th Dist.1995); *Siemientkowski v. State Farm Ins.*, 8th Dist. No. 85323, 2005-Ohio-4295. "If an argument exists that can support this assigned error, it is not this court's duty to root it out." *Cardone v. Cardone*, 9th Dist. Nos. 18349 and 18673, 1998 Ohio App. LEXIS 2028 (May 6, 1998).

**{¶13}** Further, even if we were to address the merits of this assigned error, we find Musarra's argument lacking. The Cuyahoga County Board of Revision and the Office of the Cuyahoga County Fiscal Officer are separate and distinct. The Cuyahoga County Board of Revision is a quasi-judicial body charged with the responsibility of hearing complaints as to the valuation of real property within the county. The Fiscal Officer of Cuyahoga County is charged, by Charter, to exercise the powers and duties that had previously been the responsibility of the Cuyahoga County Auditor. The agencies have separate purposes and functions and neither reports to the other for purposes of approval and authority. Thus, we cannot imagine a factual scenario whereby service to one agency, i.e., the Board of Revision, would be sufficient to provide another separate and distinct agency, i.e., the Cuyahoga County Fiscal Officer, with notice of the complaint. Musarra failed to serve the Cuyahoga County Fiscal Officer in any manner; that, coupled with her failure to serve the Board of Revision via certified mail constituted a failure to comply with the requirements of R.C. 5717.05.

**{¶14}** Accordingly, Musarra's second assignment of error is overruled.

**{¶15}** The judgment of the trial court is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN A. GALLAGHER, JUDGE

KENNETH A. ROCCO, J., CONCURS;
FRANK D. CELEBREZZE, JR., P.J., CONCURS
IN JUDGMENT ONLY


## Appendix

**Assignments of Error:**

**"I.    The trial court erred when it granted Appellee's motion to dismiss concluding that Appellant did not substantially comply with the appeal requirements of ORC 5717.05 where Appellant personally filed her Notice of Appeal with the Board, received a time stamp confirming the Board received the Notice of Appeal and the Board forwarded the transcript from the Board hearing to the Trial Court.**

**II.    The Trial Court erred when it granted Appellee's motion to dismiss concluding that Appellee did not waive the filing requirements of ORC 5717.05 where Appellant personally filed her Notice of Appeal with the Board, received a time stamp confirming the Board received the Notice of Appeal and the Board forwarded the transcript from   Board hearing to the Trial Court."**