[Cite as *Western Reserve Historical Soc. v. Testa*, 2014-Ohio-5020.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

WESTERN RESERVE HISTORICAL
SOCIETY

      Appellant

      v.

JOSEPH W. TESTA, TAX
COMMISSIONER OF OHIO

      Appellee

C.A. No.     27223


APPEAL FROM JUDGMENT
ENTERED IN THE
OHIO BOARD OF TAX APPEALS
COUNTY OF SUMMIT, OHIO
CASE No.    2013-4280

DECISION AND JOURNAL ENTRY

Dated: November 12, 2014

---

CARR, Judge.

{¶1}    Appellant, Western Reserve Historical Society, appeals from the judgment of the Board of Tax Appeals. This Court affirms.

I.

{¶2}    In 2008 Western Reserve Historical Society (WRHS) filed an application for the exemption of real property with the tax commissioner. On August 8, 2013, the tax commissioner issued his final determination, in which he denied a portion of WRHS's property tax exemption request. WRHS sent a notice of appeal to the Board of Tax Appeals (BTA) by certified mail and to the tax commissioner by regular mail. However, the tax commissioner did not receive the notice of appeal.

{¶3}    After WRHS's deadline to file an appeal had passed, the tax commissioner sent a letter to WRHS's stating that he did not receive WRHS's notice of appeal. Because WRHS sent

the notice of appeal to the tax commissioner by regular mail, it could only show that the document was mailed. It was not able to provide proof of delivery or receipt. The only actual notice received by the tax commissioner was the docketing and scheduling notice sent by the BTA. The docketing and scheduling statement included the name of the appellant, the case number below, and the scheduled hearing date.

{¶4} The tax commissioner moved to dismiss WRHS's appeal for lack of jurisdiction, pursuant to R.C. 5717.02. The BTA granted the tax commissioner's motion to dismiss and denied WRHS's subsequent motion to reconsider the order of dismissal. WRHS filed a timely appeal in which it raises one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE BOARD OF TAX APPEALS ERRED IN DISMISSING WRHS'S TAX APPEAL ON THE BASIS OF FAILURE TO COMPLY WITH R.C. 5717.02, AND THEREAFTER DENYING WRHS'S MOTION TO RECONSIDER THE DISMISSAL ORDER.

{¶5} In its sole assignment of error, WRHS argues that the Board of Tax Appeals erred in dismissing its tax appeal on the basis of failure to comply with R.C. 5717.02, and denying its motion to reconsider the dismissal order. Specifically, WRHS argues that the BTA's dismissal was unreasonable and unlawful because WRHS fulfilled the dual filing requirement of R.C. 5717.02 by sending a notice of appeal to the BTA by certified mail and sending the notice of appeal to the tax commissioner by regular mail, even though the notice of appeal was not received by the tax commissioner. This Court disagrees.

{¶6} R.C. 5717.02 sets forth the procedures required for bringing a proper appeal to the BTA from a final determination of the tax commissioner. It states, in relevant part:

[A]ppeals shall be taken by the filing of a notice of appeal with the board, and with the tax commissioner if the tax commissioner's action is the subject of the appeal * * *. The notice of appeal shall be filed within sixty days after service of the notice of the tax assessment, reassessment, valuation, determination, finding, computation, or order by the commissioner * * *.

{¶7} The requirements of R.C. 5717.02 are legislatively mandated and must be strictly complied with before the subject matter jurisdiction of the BTA may be invoked. *American Restaurant & Lunch Co. v. Glander*, 147 Ohio St. 147, 149-150 (1946); *Clippard Instrument Laboratory, Inc. v. Lindley*, 50 Ohio St.2d 121, 122 (1977); *Craftsman Type, Inc. v. Lindley*, 6 Ohio St.3d 82, 85 (1983); *Gen. Motors Corp. v. Wilkins*, 102 Ohio St.3d 33, 42, 2004-Ohio-1869, ¶ 68. R.C. 5717.02 specifically requires that a notice of appeal be filed with both the BTA and the tax commissioner within sixty days after the service of final determination.

{¶8} Furthermore, the courts have repeatedly held that an appellant must timely file its notice of appeal with the tax commissioner, as well as the BTA, in order to invoke the jurisdiction of the BTA. *Zephyr Room, Inc. v. Bowers*, 164 Ohio St. 287 (1955); *Fineberg v. Kosydar*, 44 Ohio St.2d 1, 2 (1975). The failure to comply with this requirement properly leads to a dismissal of the appeal. *Akron Standard Div. v. Lindley*, 11 Ohio St.3d 10, 12 (1984).

{¶9} In this case, WRHS failed to properly file its notice of appeal with the tax commissioner. Although the notice of appeal was placed in the regular mail system, there is no evidence that the notice of appeal was received by the tax commissioner. The Supreme Court of Ohio has defined filing as actual delivery of a document into the official custody and control of the appropriate government official. *Fulton v. State ex rel Gen. Motors Corp.*, 130 Ohio St. 494, 498 (1936). Dealing with a statute similar to the statute at issue here, the Eighth District Court of Appeals has held likewise that filing contemplates both delivery and receipt within the statutory time limit. *Ohio Leitina Co. v. McCormack*, 8th Dist. Cuyahoga No. 72127, 1997 WL 781726,

*3 (Dec. 18, 1997); *See also National Merchandising Corporation v. Giles*, 10th Dist. Franklin No. 77AP-715, 1978 WL 216706, *4 (March 2, 1978) (holding that "* * * the word 'filed' means deliverance into the actual custody of the proper officer designated by the statute to be kept by him as a permanent record of his office and that filing is not complete until the document is delivered and received."). Placing a notice of appeal in the regular mail system does not place the document in the official custody and control of the tax commissioner. Thus, WRHS's placement of the notice of appeal in the regular mail system was insufficient to complete the statutorily required act of filing with the tax commissioner.

{¶10} The statute lists specific instances in which the time of mailing constitutes the time of filing. These include the use certified mail, express mail, or other authorized delivery services. R.C. 5717.02. Regular mail is not included in these instances. Therefore, WRHS's act of placing its notice of appeal in the regular mail system cannot be counted as the time of filing under R.C. 5717.02.

{¶11} WRHS argues that the actual notice given to the tax commissioner via the BTA's docketing statement is sufficient when there has been an attempted filing by regular mail. The Supreme Court of Ohio addressed the sufficiency of actual notice via a docketing letter from the BTA on multiple occasions. *See Austin Co. v. Cuyahoga County Bd. Of Revision*, 46 Ohio St.3d 192, 194 (1989); *Clippard*, 50 Ohio St.2d at 122-23. In *Austin*, the Supreme Court stated that BTA docketing letters do not replace an appellant's duty to file its notices of appeal with the proper authorities. *Austin Co.*, 46 Ohio St.3d at 194. The BTA has no statutory duty to inform, and an appellant may not substitute the BTA's voluntary deed for an act required of the appellant by statute. *Id.*

**{¶12}** WRHS cannot establish that its notice of appeal was delivered to or received by the tax commissioner. Placing the notice of appeal in the regular mail system was insufficient to constitute filing because that act did not place the document in the custody and control of the tax commissioner. No exception to the general rule that receipt and delivery are required applies in this case. Thus, WRHS failed to file a notice of appeal with the tax commissioner as required by R.C. 5717.02, and the BTA properly dismissed the appeal.

III.

**{¶13}** WRHS's assignment of error is overruled. The judgment of the Board of Tax Appeals is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Ohio Board of Tax Appeals, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

                                            _____

                                            DONNA J. CARR
                                            FOR THE COURT

HENSAL, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

DOUGLAS M. EPPLER, Attorney at Law, for Appellant.

SUTTON J. SMITH, Assistant Attorney General, for Appellee.