OPINION
{¶ 1} Plaintiff-appellant, Jacqueline Price, individually and as executor of the estate of Zachary Lee Price ("Zachary"), appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment to Nancy L. Jillisky; Donald R. Jillisky; John Cannizzaro; Don Frazer; Robert Bridges; and Cannizzaro, Frazer, Bridges Jillisky, defendants-appellees.
 {¶ 2} On February 12, 1999, appellant's vehicle was struck by a tortfeasor. Appellant was 32 weeks pregnant at the time and suffered physical injuries resulting in the loss of her unborn child, Zachary. Appellant was insured under an automobile insurance policy issued by Progressive Preferred Insurance Company ("Progressive"), and the tortfeasor was insured under an automobile insurance policy issued by West American Insurance Company ("West American"). Appellant hired appellees to represent her in a personal injury action relating to the accident. Appellant settled her claims against Progressive and West American.
 {¶ 3} At the time of the accident, Gary Price was divorced from appellant's biological mother, Elizabeth, who is now deceased. Gary was appellant's stepfather, and appellant lived with him and his current wife, Paula Price, at the time of the accident. Gary and Paula were insured under a policy issued by Safeco Insurance. Paula was employed at Grady Memorial Hospital ("GMH"). GMH was insured by American Manufacturers Mutual Insurance Company ("AMMIC"). At the time of the accident, appellant was also a member of St. Paul's Lutheran Church ("St. Paul's"), which was insured under a Cincinnati Insurance Company ("CIC") policy. Appellant was also a member of the Correctional Education Association.
 {¶ 4} On July 24, 2001, appellant filed a complaint for legal malpractice against appellees. Within her complaint, appellant delineated three separate counts under the general heading "complaint for legal malpractice." The first count alleged appellees committed malpractice by failing to assert appellant's potential claims against various uninsured/underinsured ("UM/UIM") insurance providers, including the insurance providers for Paula and Gary, GMH, St. Paul's, and the Correctional Education Association. The second count alleged appellees committed malpractice by failing to make a claim for medical payments for Zachary under the Progressive policy. The third count alleged appellees committed malpractice by charging an excessive fee and failing to account properly for settlement funds.
 {¶ 5} On April 19, 2002, appellees filed a motion for summary judgment. While the motion was pending, on July 25, 2002, AMMIC brought a declaratory judgment action against appellant in Union County. In that action, the trial court found that appellant was not a relative of Paula and, as such, would not be entitled to the coverage afforded by AMMIC. The decision was affirmed on appeal.
 {¶ 6} On June 23, 2003, the trial court in the present case granted summary judgment to appellees, finding that, even if Nancy Jillisky never considered potential UM/UIM claims against other insurance carriers, there was no proximate cause of any damages because there were no UM/UIM benefits available to appellant from any insurance carrier. Appellant appeals the trial court's judgment, asserting the following assignment of error:
The trial court erred to the prejudice of Plaintiff-Appellant in granting Defendants-Appellees' motion for summary judgment.
 {¶ 7} Appellant argues in her assignment of error that the trial court erred in granting summary judgment. Although not raised by the parties, we must first address whether the trial court's judgment is a final appealable order. See Kouns v.Pemberton (1992), 84 Ohio App.3d 499, 501, overruled on other grounds Wright v. Wright (Nov. 10, 1994), Hocking App. No. 94CA02 (although not raised by the parties, an appellate court has the duty to sua sponte raise the issue of jurisdiction). The trial court clearly determined only one of the three "counts" alleged in the complaint, i.e., the first count relating to any potential UM/UIM coverage. In its decision, the trial court made no mention of the second count relating to a medical payment claim on behalf of Zachary or the third count relating to the allegedly excessive fees and improper accounting. Appellees also admitted in their reply memorandum in the trial court that "[t]he issue of the med pay claim of the fetus will be raised at a later time depending upon the outcome of [the current summary judgment] motion." Therefore, it is clear from the pleadings below that the trial court did not address the second and third "counts" in the complaint.
 {¶ 8} Ohio law provides that appellate courts have jurisdiction to review only the final orders or judgments of inferior courts in their district. See, generally, Section3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. In determining whether a judgment is final and appealable, an appeals court must engage in a two-step analysis. First, it must determine if the order is final within the requirements of R.C.2505.02. If the court finds that the order complies with R.C.2505.02, and is in fact final, then the court must take a second step to decide if Civ.R. 54(B) language is required. GeneralAcc. Ins. Co. v. Ins. Co. of N. Am. (1989), 44 Ohio St.3d 17,20.
 {¶ 9} As it applies to the present case, R.C. 2505.02
provides that an order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is an order that affects a substantial right in an action that, in effect, determines the action and prevents a judgment. R.C.2505.02(B)(1).
 {¶ 10} Civ.R. 54(B) provides:
Judgment upon multiple claims or involving multiple parties
When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 {¶ 11} In analyzing whether the judgment in the present case comports with R.C. 2505.02 and Civ.R. 54(B), an issue arises as to whether the three "counts" in appellant's complaint should be deemed independent claims or a single claim. However, we need not conclusively resolve this issue to dispose of the matter, as under either interpretation, the trial court's judgment would not be a final, appealable order.
 {¶ 12} If we were to construe the three counts as independent claims for legal malpractice that require proof of different facts, involve separate legal issues, and allow for differing recoveries, the trial court's order granting summary judgment as to the first independent claim would necessarily "prevent a judgment" on that claim, and the order would be final as to that claim, pursuant to R.C. 2505.02. See, e.g., Ferraro v. B.F.Goodrich Co. (2002), 149 Ohio App.3d 301, 2002-Ohio-4398, at ¶18 (two dismissed claims required proof of different facts, involved separate legal issues, and provided for different relief than the third undismissed claim; thus, the order dismissing the two claims completely resolved and prevented a judgment on those claims and was final); Ruszkiewicz v. Toledo GastroenterologyAssocs., Inc. (Mar. 5, 1996), Lucas App. No. L-95-245 (order dismissing one count relating to a shareholder claim but not addressing other counts relating to various acts of wrongdoing in connection with the operation and break-up of company was final because there was nothing further to be decided in connection with that claim, and, thus, it determined the action and prevented a judgment in the shareholder claim).
 {¶ 13} However, even if the counts were independent and separate claims, and the order granting summary judgment on the first count was final, pursuant to R.C. 2505.02, this court would still be without jurisdiction. As an action with more than one claim, a final order as to only one of the three separate claims would be further subject to the requirements of Civ.R. 54(B). Civ.R. 54(B) provides that, when more than one claim for relief is presented in an action, the court may enter final judgment as to one or more but fewer than all of the claims only upon an express determination that there is no just reason for delay. The trial court in the present case made no express determination that there was no just reason for delay. Therefore, if we were to consider the three counts as independent claims, the trial court's order granting summary judgment as to only the first claim would not be a final, appealable order, and this court would be without jurisdiction.
 {¶ 14} If we were to construe the three counts in the complaint as merely separate theories of recovery within a single claim for legal malpractice, the trial court's order disposing of only the first count (or theory) would not "prevent a judgment" as to the entire single claim, and the order would not be final under R.C. 2505.02. See, e.g., Aldrete v. Foxboro Co. (1988),49 Ohio App.3d 81, 82 (where, in different counts of the complaint, the plaintiff raised multiple theories of recovery against a particular defendant arising out of a single set of facts, dismissal of only some of the counts is not a final order); Pacher v. Invisible Fence of Dayton (Apr. 5, 2002), Montgomery App. No. 18989 (the seven counts alleged in the complaint were not separate claims but a single claim with multiple theories of recovery arising from the same underlying set of facts; thus, an order dismissing three of the counts was not final because it did not determine the action or prevent the plaintiffs from obtaining a favorable judgment against the defendant on the remaining counts); Slocum v. Gioffre Const.,Inc. (Nov. 17, 1994), Franklin App. No. 94APE04-588 (all five counts in a complaint arose from a common set of facts and formed a single claim for relief; thus, summary judgment on two of the counts did not dispose entirely of appellant's claim for relief and was not a final order). Therefore, under this interpretation, this court would still have no jurisdiction, and we would likewise have to dismiss the appeal.
 {¶ 15} Consequently, no matter which way this court interprets the counts in the complaint, the trial court's order does not comply with R.C. 2505.02 and Civ.R. 54(B). As a final, appealable order exists only when the requirements of both Civ.R. 54(B) and R.C. 2505.02 are met, this court must dismiss the present appeal for lack of jurisdiction.
 {¶ 16} Accordingly, appellant's appeal is dismissed for lack of a final, appealable order.
Appeal dismissed.
Bryant and Watson, JJ., concur.