OPINION
{¶ 1} Plaintiff-appellant, Janet Mittman, appeals from a judgment of the Franklin County Municipal Court awarding sanctions in the form of attorney's fees in favor of defendants-appellees, Deborah and David Curnutte.
 {¶ 2} Appellant began this action with a complaint naming Amy Leshner and Troy Appleby as defendants and alleging a number of claims arising out of the breach of a residential lease agreement under which Leshner and Appleby occupied a property owned by appellant. The complaint also named as defendants the Curnuttes, who are *Page 2 
Leshner's parents, on the theory that by purchasing another home for Leshner they had induced her to breach her lease agreement with appellant and that this amounted to tortious interference with the contract between Leshner and appellant.
 {¶ 3} The claims against Leshner were stayed upon suggestion of Leshner's bankruptcy. The record is unclear as to the posture of claims against Appleby. The matter went forward on the claims against the Curnuttes. David Curnutte was dismissed by appellant after presentation of evidence at trial showing that he was not the purchaser of the new home in question. The trial court thereafter entered a directed verdict in favor of Deborah Curnutte. The trial court entered judgment in favor of Deborah and David Curnutte on October 25, 2007. While the trial court's entry does state that it is a "final appealable order," it does not contain Civ. R. 54(B) language ("no just reason for delay") despite the fact that it does not dispose of all claims against all parties due to the unresolved claims against Leshner and Appleby.
 {¶ 4} On November 8, 2007, Deborah and David Curnutte filed a motion seeking an award of attorney's fees under R.C. 2323.51, asserting that all claims against them were frivolous, unwarranted under existing law, and could not be supported by a good faith argument for an extension, modification or reversal of existing law.
 {¶ 5} The trial court held a hearing and granted fees in the amount of $3,543.75 in favor of Deborah and David Curnutte. Again, the trial court entry stated that it constituted a final appealable order but did not contain Civ. R. 54(B) language. Appellant has appealed and brings the following assignments of error:
 A. Did the Court err in determining that it retained jurisdiction to award attorney's fees, to be tendered by the *Page 3 
Appellant to the Appellee, in light of the fact that no request for fees was made by the Appellee prior to the trial Court's first, final appealable order as to the merits of the case?
 B. Assuming arguendo that the trial Court retained jurisdiction to hold hearing and determine an award for attorney's fees, did the trial Court apply the proper standard to determine that the Appellant's actions were frivolous and with malicious intent?
 C. Assuming arguendo that the first order of the trial Court was not final and appealable until after the award of attorney's fees to the Appellee, did the trial Court err in finding that there existed no tortious interference of contract, pursuant to O.R.C[.] 2505.02, by the "third-party" Appellees, based upon statute and precedent case law?
 {¶ 6} Appellant's first two assignments or error address the court's award of fees, and the third addresses the merits of the underlying claims. Due to the lack of a final appealable order, neither question is properly before us.
 {¶ 7} Ohio appellate courts have jurisdiction to review final appealable orders of lower courts within their districts. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2501.02. If an order is not a final appealable order, the appellate court lacks jurisdiction and the appeal must be dismissed. Prod. Credit Assn. v. Hedges (1993),87 Ohio App.3d 207, 621 N.E.2d 1360. Appellate courts have the duty to sua sponte examine any deficiencies in jurisdiction. Price v. Jillisky, Franklin App. No. 03AP-801, 2004-Ohio-1221.
 {¶ 8} An order that adjudicates fewer than all the claims or rights of the parties and does not meet the requirements of R.C. 2505.02 and Civ. R. 54(B) is not a final appealable order. Chef Italiano Corp. v.Kent State Univ. (1989), 44 Ohio St.3d 86, 541 N.E.2d 64, syllabus. The trial court order must contain the express determination that there is "no just reason for delay." State ex rel. Scruggs v. Sadler,97 Ohio St.3d 78, *Page 4 2002-Ohio-5315, 776 N.E.2d 101, ¶ 5-7. Neither order in the present case meets the requirements of Civ. R. 54(B), since it appears from the record other claims against other parties remain unadjudicated and the trial court entries lack explicit Civ. R. 54(B) language. Therefore, we must find the present appeal is not taken from a final appealable order.
 {¶ 9} Accordingly, this appeal is dismissed for lack of a final appealable order and remanded to the Franklin County Municipal Court for further proceedings.
Appeal dismissed and cause remanded.
 McGRATH, P.J., and BROWN, J., concur. *Page 1