[Cite as *Ford Motor Credit Co. v. Ryan*, 2014-Ohio-5671.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ford Motor Credit Company, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 14AP-782 |
| | | (C.P.C. No. 06CV-6659) |
| Ryan & Ryan, Inc. et al. | : | |
| Defendants-Appellees, | : | (REGULAR CALENDAR) |
| James M. Ryan, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 23, 2014

*Reminger Co., L.P.A., Michael J. Valentine* and *Zachary B. Pyers*, for appellee Automobile Recovery Services of Cincinnati, Inc.

*James M. Ryan*, pro se.

ON MOTION TO STRIKE
AND MOTION TO VACATE JOURNAL ENTRY OF DISMISSAL

BRUNNER, J.

{¶ 1} Defendant-appellant, James M. Ryan, moves to strike a motion to dismiss filed by third-party defendant-appellee Automobile Recovery Services of Cincinnati, Inc. ("ARS"). Ryan also moves to vacate our prior termination of this appeal, which we dismissed for lack of a final appealable order. *Ford Motor Credit Co. v. Ryan & Ryan, Inc.*, 10th Dist. No. 14AP-782 (Oct. 8, 2014) (journal entry of dismissal).

{¶ 2} We recently rendered a decision denying Ryan's earlier motions to either reconsider our dismissal of the appeal or accept the matter for en banc review. *Ford*

*Motor Credit Co. v. Ryan & Ryan, Inc.*, 10th Dist. No. 14AP-782 (Nov. 25, 2014) (memorandum decision). Although that decision rendered moot all of the issues now raised or re-raised by Ryan here, and therefore warrants denial of his present motions on that basis alone, we will nonetheless undertake a more developed discussion of the concerns expressed by Ryan regarding the clerk of court's handling of filings in this case.

{¶ 3} We begin by recapitulating the recent events in the lengthy history of this case. On September 5, 2014, the trial court rendered an interlocutory decision denying certain pending motions. Appellant understood this to include a denial of his pending motion to bifurcate proceedings pursuant to R.C. 2315.21. This statute provides for separate consideration of any claims for compensatory and punitive damages, and the denial or grant of such a motion is a final appealable order. *Hanners v. Ho Wah Genting Wire & Cable SDN BHD*, 1oth Dist. No. 09AP-361, 2009-Ohio-6481. On October 3, 2014, Ryan filed the present appeal to contest the trial court's rulings on his various motions, including the supposed denial of his motion to bifurcate.

{¶ 4} Also on October 3, 2014, ARS filed with us an "emergency motion to dismiss appeal," invoking the impending trial date set by the trial court and asserting that the appeal was brought solely to delay or avoid trial. The motion by ARS did not address the appealability of the purported denial by the trial court of Ryan's motion to bifurcate. The record reflects that in filing this motion ARS did not comply with the service requirements of Loc.R. 2(E) of the Tenth District Court of Appeals.

{¶ 5} On October 8, 2014, and without reference to ARS' pending motion, which was not yet docketed for submission before this court, we sua sponte reviewed the content of the trial court's September 5, 2014 order. We undertook this review in the course of our standard administrative screening process before docketing the appeal for further proceedings in this court. During the course of the review we noted that the trial court's order did not constitute a final appealable order, and summarily dismissed the appeal by our October 8, 2014 journal entry.

{¶ 6} Ryan then moved, on October 14, 2014, for either reconsideration of our dismissal or en banc consideration of the appeal. Our November 25, 2014 memorandum decision denied these motions with a full explanation of the reasons for which the case lacked a final appealable order. Specifically, we determined that the trial court never

disposed of Ryan's motion to bifurcate, and the denial of his other pending motions did not give rise to an appealable order.

{¶ 7}   Ryan now returns before us asserting that ARS' failure to properly serve him with its October 3, 2014 motion to dismiss the appeal deprived him of the opportunity to respond and that basic notions of due process require us to strike ARS' motion or at least reinstate the appeal so that Ryan can effectively oppose the motion to dismiss.  For the reasons that follow, we determine as follows in this matter.

{¶ 8}   We find that ARS did indeed fail to comply with local rules governing service, and we acknowledge that, given that circumstance alone, we could grant a motion to strike the unserved motion or give the opposing party additional time to respond thereto.  However, we find that Ryan suffered no prejudice from the failure to serve him, because we in fact never considered ARS' motion to dismiss before we sua sponte dismissed the appeal. Both of Ryan's latest motions are therefore denied.

{¶ 9}   Loc.R. 2(E) of the Tenth District Court of Appeals governs service upon other parties when using the Franklin County court system's unified electronic filing system ("e-filing"):

> Pursuant to App.R. 13(C), copies of all documents filed by any party and not required to be served by the clerk shall, at or before the time of filing, be served on all other parties to the case. The e-mail notice of filing generated by the e-Filing System does not constitute service in the Tenth District Court of Appeals.  Service may be made by personal service, by mail, or, where the opposing party is an e-filing account holder, by attaching a copy of the pleading being served to an e-mail sent to an e-mail address registered in the e-filing system.

{¶ 10} The clerk's docket reflects that ARS did not provide Ryan with service of its October 3, 2014 motion by personal service, postal mail, or e-mail.  Instead, ARS may have relied on the clerk's e-mail notice of filing that is generated automatically by the e-filing system.  Loc.R. 2(E) explicitly states that this notice, which does not include a copy of the filed pleading or document, does not suffice for service on opposing parties.

{¶ 11} To compound the difficulty caused by this failure to effectuate proper service, Ryan, appearing pro se, had filed his October 3, 2014 notice of appeal in paper format with the clerk.  As a result, the e-filing system did not generate a "notice of case association" for Ryan until he e-filed additional pleadings on October 14, 2014—long

after ARS filed its emergency motion to dismiss. This notice of association is the technical step that activates a party's e-filing account, associates it to the case, and allows the account holder to receive an automatic e-mail notice from the clerk every time any party files in the case. As a result, at the time ARS filed its October 3 motion, Ryan's e-mail address for e-filing notification purposes was not yet linked to the appeal, and the system could not generate an e-mail notification to Ryan that would at least have apprised him that something had been filed in his appeal.

{¶ 12} Ryan can thus colorably argue that not only did he not receive proper service of ARS' motion to dismiss, but he did not even receive bare notice of a filing by the opposing party in his freshly filed appeal—a combination of circumstances that thoroughly illustrates the foundation for the separate service requirements of Loc.R. 2(E). Had we in fact dismissed the appeal by granting ARS' motion without giving Ryan an opportunity to respond, he would have every reason to question the procedural course of the case. However, as set forth above and further explained in our November 25, 2014 decision, we dismissed this appeal not in response to any motion by a party, but pursuant to our internal review process implemented to reduce the number of premature appeals to this court.[1] The failure by ARS to comply with Loc.R. 2(E) is irrelevant to our dismissal of this appeal, and is thereby not prejudicial to Ryan. Striking the now moot motion to dismiss is without merit, and reactivating the appeal to do so would constitute an unnecessary and futile act. Ryan's motion to strike and motion to vacate are hereby denied.

*Motions to strike and vacate dismissal denied.*

SADLER, P.J., and LUPER SCHUSTER, J., concur.

_____

[1] Ohio appellate courts have jurisdiction to review only final appealable orders of lower courts within their districts. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02. If the underlying order is not a final appealable order, the appellate court lacks jurisdiction and must dismiss the appeal. *Production Credit Assn. v. Hedges*, 87 Ohio App.3d 207 (4th Dist.1993). An appellate court may raise the question of its subject matter jurisdiction sua sponte. *State ex rel. White v. Cuyahoga Metro. Housing Auth.*, 79 Ohio St.3d 543, 544 (1997); *Noble v. Colwell*, 44 Ohio St.3d 92, 94 (1989), fn. 1; *see also Price v. Jillisky*, 10th Dist. No. 03AP-801, 2004-Ohio-1221. (Courts have not only the authority but the duty to sua sponte examine an appeal for jurisdictional defects.)