[Cite as *Gallick v. Franklin Cty. Bd. of Revision*, 2018-Ohio-717.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| John J. Gallick, | : | |
| Appellant-Appellant, | : | No. 17AP-811 |
| v. | : | (Bd. of Tax Appeals No. 2016-405) |
| Franklin County Board of Revision et al., | : | (REGULAR CALENDAR) |
| Appellees-Appellees. | : | |
| John J. Gallick, | : | |
| Appellant-Appellant, | : | No. 17AP-812 |
| v. | : | (Bd. of Tax Appeals No. 2016-406) |
| Franklin County Board of Revision et al., | : | (REGULAR CALENDAR) |
| Appellees-Appellees. | : | |

D E C I S I O N

Rendered on February 27, 2018

*John J. Gallick*, pro se.

*Rich & Gillis Law Group, LLC, Mark H. Gillis*, and *Richelle L. Thoburn*, for appellee Board of Education of the Columbus City School District.

ON MOTION TO DISMISS

KLATT, J.

{¶ 1} Appellant-appellant, John J. Gallick, appeals from an order of the Ohio Board of Tax Appeals ("BTA") establishing the taxable value of two parcels of real estate owned by appellant in Franklin County, Ohio.

{¶ 2} Dissatisfied with the tax valuation established by the Franklin County Auditor, appellant filed complaints before the Franklin County Board of Revision ("BOR") seeking a downward revision. Both appellant and appellant-appellee, the Board of Education of the Columbus City Schools ("BOE"), took appeals to the BTA from the BOR's revised valuations for the parcels. The BTA rendered its final decision on October 31, 2017 reinstating the Franklin County Auditor's original values for the two parcels.

{¶ 3} Appellant filed two notices of appeal, one for each parcel, from the BTA's decision and this court consolidated the appeals. The BOE has moved to dismiss the appeals for failure to comply with the applicable procedural requirements, and the matter is before the court solely on the motion to dismiss.

{¶ 4} R.C. 5717.04 governs appeals from the BTA to this court. As amended effective September 8, 2016, that statute reads as follows:

> The proceeding to obtain a reversal, vacation, or modification of a decision of the board of tax appeals shall be by appeal to the court of appeals for the county in which the property taxed is situated or in which the taxpayer resides.
>
> * * *
>
> Such appeals shall be taken within thirty days after the date of the entry of the decision of the board on the journal of its proceedings, as provided by such section, by the filing by appellant of a notice of appeal with the court of appeals to which the appeal is taken and the board. *If the appeal is of a decision of the board on an action originally brought under section 5717.01 of the Revised Code, the appellant also shall submit, at the same time, a copy of the notice of appeal to the county board of revision and the county auditor.* If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within ten days of the date on which the first notice of appeal was filed or within the time otherwise prescribed in this section, whichever is later. A notice of appeal shall set forth the decision of the board appealed from and the errors therein complained of. Proof of the filing of such notice with the board of tax appeals shall be filed with the court of appeals to which the appeal is being taken.
>
> * * *

> In all such appeals the commissioner or all persons to whom the decision of the board appealed from is required by such section to be sent, other than the appellant, shall be made appellees. Unless waived, notice of the appeal shall be served upon all appellees by certified mail. *The prosecuting attorney shall represent the county auditor in any such appeal in which the auditor is a party.*

(Emphasis added.)

{¶ 5} The italicized language was added by 2015 H.B. No. 156.[1] As was the case prior to this amendment, an appellant from a BTA decision must still file a copy of the notice of appeal with the BTA and the court to which the appeal is taken. Also unchanged is the requirement that the appellant must then serve all appellees (all persons to whom the BTA was required to mail its decision) with a copy of the notice of appeal by certified mail. The amended statute, however, now requires "submission" of a copy of the notice of appeal to the county board of revision and the county auditor. The sole issue before us is whether the added language imposes a new requirement to perfect an appeal, or whether to the contrary the satisfaction of the existing and unchanged "service" requirement upon the auditor and BOR, given their status as appellees, is enough.

{¶ 6} Appellant's notice of appeal contains a certificate of service stating that appellant served the notice upon counsel for the BOE and served the assistant Franklin County prosecutor who is counsel of record in the matter for the BOR. Appellant further asserts, without contradiction from the BOE, that this same assistant prosecutor also is counsel of record for the auditor, although the certificate of service does not name the auditor as a party served. Appellant did not submit directly to the Franklin County Auditor or the BOR a copy of the notices of appeal, relying instead on his service upon their counsel.

{¶ 7} The BOE concedes for purposes of this motion that service on the prosecutor as counsel of record for the BOR and auditor was effective "service" on those entities for purposes of the last-quoted paragraph of R.C. 5717.04 above.[2] The BOE

---

[1] The statute has since been twice more amended by 2015 H.B. No. 384 and 2017 H.B. No. 49, neither of which affected the language at issue here.

[2] This proposition is not automatic in the context of an administrative appeal: "[W]hen a statute directs an appealing party to serve a particular individual, service upon that individual's counsel has been held

instead asserts that appellant has not properly perfected the appeal because service on counsel does not satisfy the parallel requirement that he "submit" a copy of the notice to the BOR and auditor.

{¶ 8}   Appellant responds that the language added by 2015 H.B. No. 156 is essentially duplicative or surplusage, and that the BOE erroneously injects a requirement that he submit a copy of his notice of appeal "directly" to the auditor and BOR.  He asserts that he has taken all steps needed to perfect the appeal by filing his copies with the BTA and court, and by serving all necessary appellees, which included service upon the auditor and BOR through their counsel of record. Appellant also argues that the BOE has no standing to complain about the alleged deficiencies in appellate procedure, because only the BOR and auditor are affected thereby.  On this last point, we need only observe that the court's alleged lack of subject-matter jurisdiction is not a defense personal to any party, and appellate courts have the duty to sua sponte examine any deficiencies in jurisdiction. *Price v. Jillisky*, 10th Dist. No. 03AP-801, 2004-Ohio-1221.

{¶ 9}   We first note that appellant's notice of appeal is not deficient merely because the certificate of service does not name and explicitly reflect service upon a necessary party, the Franklin County Auditor, as a statutorily-defined appellee.  Failure to name a party as appellee in the notice of appeal is not fatal as long as the party is actually served. *Mason City Sch. Dist. Bd. Of Edn. v. Warren Cty. Bd. of Revision*, 138 Ohio St.3d 153, 2014-Ohio-104, ¶ 17.  We next agree, however, with the BOE that the plain language of amended R.C. 5717.04 does require an appellant to submit copies of the notice directly to the BOR and auditor, and appellant has accordingly failed to perfect his appeal. For that reason, we grant the BOE's motion to dismiss the appeal.

{¶ 10} The procedural requirements of R.C. 5717.04 are "mandatory and jurisdictional," and if they are not met this court is deprived of jurisdiction. *Olympic Steel, Inc. v. Cuyahoga Cty. Bd. of Revision*, 110 Ohio St.3d 1242, 2006-Ohio-4091, ¶ 2. Even assuming proper service on all named appellees, appellant has not complied with the statutory requisites to perfect his appeal.  The statute now clearly imposes an

insufficient to invoke jurisdiction." *Club 3000 v. Jones*, 10th Dist. No. 07AP-593, 2008-Ohio-5058, ¶ 13. The parties have not argued the question, however, and we make no determination on this issue in the context of a BTA appeal to this court.

additional requirement that an appellant also submit a copy of the notice of appeal directly to the county auditor and the county BOR.  To find otherwise would be to ignore the plain language of R.C. 5717.04, which is written in mandatory terms ("*shall* submit, at the same time, a copy of the notice of appeal").  " '[A]n unambiguous statute is to be applied, not interpreted.' " *Jacobson v. Kaforey*, 149 Ohio St.3d 398, 2016-Ohio-8434, ¶ 8, quoting *Sears v. Weimer*, 143 Ohio St. 312 (1944), paragraph five of the syllabus. We accordingly hold that this additional requirement is separate and distinct from service on the parties, and is a mandatory prerequisite to establish our jurisdiction.

{¶ 11} In accordance with the foregoing, we dismiss the appeal because appellant has not perfected the appeal in conformity with R.C. 5717.04, and the date for timely perfection of the appeal has now passed.

*Motion to dismiss granted.*

TYACK and LUPER SCHUSTER, JJ., concur.

————————————