[Cite as *Dunham v. Ervin*, 2019-Ohio-1860.]

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kimberly Dunham, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 18AP-325 |
| v. | : | (C.P.C. No. 12JU-509) |
| Shawn Ervin, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

### D E C I S I O N

### Rendered on May 14, 2019

**On brief:** *Shawn Ervin*, pro se.  **Argued:** *Shawn Ervin.*

APPEAL from the Franklin County Court of Common Pleas,
Domestic Relations Division, Juvenile Branch

PER CURIAM.

{¶ 1} Defendant-appellant, Shawn Ervin, appeals from a judgment of the Franklin County Court of Common Pleas, Domestic Relations Division, Juvenile Branch, overruling appellant's objections and adopting a magistrate's decision that dismissed appellant's motions without prejudice. For the following reasons, we dismiss this appeal for lack of a final appealable order.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} This custody proceeding has a lengthy litigation history commencing in January 2012. Relevant to this appeal, appellant filed (1) a motion to modify parental rights filed on August 11, 2015; (2) a motion for an anger assessment filed on January 27, 2016; (3) a motion to compel filed January 27, 2016; (4) a motion for psychological examination filed June 30, 2016; and (5) a motion for change of venue filed December 28, 2016. The

motions were heard by a magistrate at an evidentiary hearing on October 23, 2017.  The appellee and the guardian ad litem appeared at the hearing.  Appellant failed to appear.

{¶ 3}  Based upon appellant's failure to appear at the hearing and his failure to pay the guardian ad litem fees previously ordered by the magistrate, the magistrate dismissed appellant's motions without prejudice for failure to prosecute.[1]

{¶ 4}  Appellant timely filed objections to the magistrate's decision.  The trial court overruled appellant's objections in a 12-page decision and judgment entry and adopted the magistrate's decision.

{¶ 5}  Appellant appeals, assigning the following errors:

> I:  Perjury in [J]udge Gills['] decision
>
> II:  Omission of facts from Judge Gill
>
> III:  Fraudulent documents from Judge Gill
>
> IV:  Forgery by the Juvenile court or an official of said court
>
> V:  Collusion with intent to defraud
>
> VI:  Bribery
>
> VII:  Manipulation of rules and law, (Constructive litigation)
>
> VIII:  Discrimination
>
> IX:  Destruction and/or concealing evidence

## II.  LEGAL ANALYSIS

### A.  Lack of a final appealable order

{¶ 6}  Before we can reach the merits of appellant's assignments of error, we must determine whether this court has jurisdiction to review the judgment that appellant has appealed.  Ohio appellate courts have jurisdiction to review only final appealable orders of lower courts within their districts.  Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02.  If an order is not a final appealable order, the appellate court lacks jurisdiction and the appeal must be dismissed.  *Nnadi v. Nnadi*, 10th Dist. No. 15AP-13, 2015-Ohio-

---

[1] Pursuant to an order dated January 27, 2016, the magistrate ordered appellant to make certain payments to the guardian ad litem.  That order also notified appellant that failure to pay the required guardian ad litem fees could result in a dismissal of the claims.

3981, ¶ 11, citing *Prod. Credit Assn. v. Hedges*, 87 Ohio App.3d 207 (4th Dist.1993). Appellate courts have the duty to sua sponte examine any deficiencies in jurisdiction. *Price v. Jillisky*, 10th Dist. No. 03AP-801, 2004-Ohio-1221, ¶ 7.

{¶ 7} When determining whether a judgment or order is final and appealable, an appellate court engages in a two-step analysis. First, the court must determine if the order is final within the requirements of R.C. 2505.02. Second, if the order satisfies R.C. 2505.02, the court must determine whether Civ.R. 54(B) applies and, if so, whether the order contains a certification that there is no just reason for delay. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21 (1989). A trial court's order is final and appealable only if it satisfies the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596 (1999).

{¶ 8} Generally, a dismissal without prejudice is not a final appealable order, so long as the claims dismissed can be refiled. *Nnadi* at ¶ 16, citing *Johnson v. H & M Auto Serv.*, 10th Dist. No. 07AP-123, 2007-Ohio-5794, ¶ 7. "This is because a trial court's dismissal without prejudice places the parties in the same position they were in before they filed the action." *Id.*; *see also Kopina v. Kopina*, 5th Dist. No. 13CA30, 2014-Ohio-287, ¶ 19 (judgment dismissing contempt motion without prejudice in a domestic dispute is not a final appealable order).

{¶ 9} Here, the trial court dismissed appellant's motions without prejudice. There is no indication in the record that appellant is barred from refiling the motions. Therefore, the judgment at issue is not a final appealable order, and we sua sponte dismiss this appeal for lack of jurisdiction.

*Appeal dismissed.*

KLATT, P.J., DORRIAN and LUPER SCHUSTER, JJ.

―――――――――――――