[Cite as *Duncan v. Portage Cty. Bd. of Revision*, 2023-Ohio-3022.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| RICHARD DUNCAN, | CASE NO. 2023-L-035 |
| Appellant, | |
| - vs - | Administrative Appeal from the Ohio Board of Tax Appeals |
| PORTAGE COUNTY BOARD OF REVISION, | Trial Court No. 2022-1120 |
| Appellee. | |

**M E M O R A M D U M**
**O P I N I O N**

Decided: August 28, 2023
Judgment: Appeal dismissed

*Richard Duncan*, pro se, 1101 East Boulevard, Aurora, OH 44202 (Appellant).

*Victor V. Vigluicci*, Portage County Prosecutor, and *Allison Blakemore Manayan*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Appellee).

EUGENE A. LUCCI, J.

{¶1} Appellant, Richard Duncan ("property owner") filed a complaint with the Portage County Board of Revision ("appellee") seeking to decrease the value of certain real property from $85,400 to $40,000. After a hearing, appellee issued a decision decreasing the property's value from $85,400 to $57,600. The property owner filed a notice of appeal with the Ohio Board of Tax Appeals ("BTA") and, after considering the parties' relative positions, the BTA reinstated the auditor's original value of $85,400. The property owner now appeals that decision.

{¶2} On June 7, 2023, appellee filed a motion to dismiss the underlying appeal for lack of subject matter jurisdiction. Appellee's motion is premised upon the property owner's failure to meet the necessary statutory criteria for invoking this court's appellate jurisdiction. Specifically, appellee asserts the property owner failed to submit a copy of his notice of appeal with the Portage County Board of Revision and the Portage County Auditor, as required by R.C. 5717.04; the property owner did not serve a copy of his notice of appeal with the Portage County Board of Revision and the Portage County Auditor, as required by R.C. 5717.04; the property owner did not name the Portage County Auditor in his notice of appeal, as required by R.C. 5717.04; and, the property owner did not file his notice of appeal in the county in which the parcel of property is located or the county in which he resides as required by R.C. 5717.04.

{¶3} The property owner filed a memorandum in opposition to appellee's motion. The property owner did not specifically deny appellee's allegations but instead claimed that his notice of appeal and its service was perfected with the prosecutor, the attorney representing the auditor, and the appellee. The property owner further contends he properly perfected his appeal by filing in the court of appeals in which the property is located; namely, within the Eleventh Appellate District.

{¶4} R.C. 5717.04 governs appeals from the BTA to this court as they relate to, inter alia, land valuations. It provides, in relevant part:

> Appeals from decisions of the board determining appeals from decisions of county boards of revision may be instituted by any of the persons who were parties to the appeal before the board of tax appeals, by the person in whose name the property involved in the appeal is listed or sought to be listed, if such person was not a party to the appeal before the board of tax appeals, or by the county auditor of the county in which the property involved in the appeal is located.

2

Case No. 2023-L-035

\* \* \*

Such appeals shall be taken within thirty days after the date of the entry of the decision of the board on the journal of its proceedings, as provided by such section, by the filing by appellant of a notice of appeal with the court to which the appeal is taken and the board. *If the appeal is of a decision of the board on an action originally brought under section 5717.01 of the Revised Code[, from the county Board of Revision], the appellant also shall submit, at the same time, a copy of the notice of appeal to the county board of revision and the county auditor.* If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within ten days of the date on which the first notice of appeal was filed or within the time otherwise prescribed in this section, whichever is later. A notice of appeal shall set forth the decision of the board appealed from and the errors therein complained of. Proof of the filing of such notice with the board of tax appeals shall be filed with the court to which the appeal is being taken.

The court in which notice of appeal is first filed shall have exclusive jurisdiction of the appeal.

In all such appeals the commissioner or *all persons to whom the decision of the board appealed from is required by such section to be sent, other than the appellant, shall be made appellees. Unless waived, notice of the appeal shall be served upon all appellees by certified mail.* The prosecuting attorney shall represent the county auditor in any such appeal in which the auditor is a party.

(Emphasis added.)

{¶5} The Supreme Court of Ohio has observed that compliance with statutory appeal requirements is jurisdictional only when those requirements "run to the core of procedural efficiency." *Akron Std. Div. of Eagle-Picher Industries, Inc. v. Lindley,* 11 Ohio St.3d 10, 12, 462 N.E.2d 419 (1984) (failure to verify a reassessment petition was not jurisdictional because the verification requirement did not run to the core of procedural efficiency); *compare Shinkle v. Ashtabula Cty. Bd. of Revision,* 135 Ohio St.3d 227, 2013-

3

Ohio-397, 985 N.E.2d 1243, ¶ 17-18 (requirement that complainant state amount of value at issue was jurisdictional because it ran to the core of procedural efficiency); *Austin Co. v. Cuyahoga Cty. Bd. of Revision,* 46 Ohio St.3d 192, 194, 546 N.E.2d 404 (1989) (R.C. 5717.01's requirement that an appeal to the BTA be filed at the board of revision "provides that agency with statutory notice of the appeal" so that it may fulfill its duty to "notify all parties of the appeal and transmit to the BTA a transcript of the board's proceedings[.]").

{¶6} The question before this court is, primarily, whether service of the notice of appeal upon the prosecutor, i.e., counsel for appellee, was sufficient to invoke this court's jurisdiction in light of the requirements set forth under R.C. 5717.04. The concomitant issue, in light of the above, is also whether service on the appellee as well as the auditor runs "to the core of procedural efficiency" such that failure to do so amounts to a failure to perfect the instant appeal. We answer the former question in the negative and the latter in the affirmative.

{¶7} The Supreme Court of Ohio has observed that service of the notice of appeal on all the parties jurisdictional. *See* Mason *City School Dist. Bd. of Edn. v. Warren Cty. Bd. of Revision*, 138 Ohio St.3d 153, 2014-Ohio-104, 4 N.E.3d 1027, ¶ 22 ("Procedurally, all interests must be notified so that each may participate in litigating the value of the property—the owner interest in a lower value, the school-district interest in a greater value, the county interest in proper valuation generally, and the statewide-equalization interest represented by the tax commissioner.").

{¶8} The Court in *Mason City School Dist.* addressed the service requirements of R.C. 5717.01, i.e., an appeal from the Board of Revision's valuation. Still, we see no reason why the reasoning would not apply with similar force to the service requirements

4

of R.C. 5717.04. The Tenth Appellate District has addressed this very issue and drawn the same conclusion.

{¶9} In *Gallick v. Franklin County Board of Revision*, 10th Dist. Franklin Nos. 17AP-811, 17AP-812, 2018-Ohio-717, the county board of revision downwardly valued the property owner's property. An appeal was taken to the board of tax appeals, which reinstated the county auditor's original values. *Id.* at ¶ 2. The property owner filed two notices of appeal to the Tenth District (relating to two separate valuations), where a motion to dismiss was filed for failure to comply with the procedural requirements of R.C. 5717.04. *Gallick* at ¶ 3-4. The property owner's notice of appeal included a certificate of service providing that he served the notice upon counsel for one of the two parties (the county board of education); the certificate also provided that the property owner served the Franklin County prosecutor of record who represented the board of revision. *Id.* at ¶ 6. The certificate of service did not name the auditor as a party served, even though the prosecutor was the counsel of record for the auditor. *Id.* Moreover, the property owner did not directly submit a copy of the notices of appeal to the to the board of revision or the auditor. *Id.*

{¶10} In dismissing the appeal for lack of subject-matter jurisdiction, the *Gallick* court observed that "the plain language of * * * R.C. 5717.04 does require an appellant to submit copies of the notice directly to the BOR and auditor, and appellant has accordingly failed to perfect his appeal." *Id.* at ¶ 9. The court pointed out that, "[e]ven assuming proper service on all named appellees, appellant has not complied with the statutory requisites to perfect his appeal. * * * To find otherwise would be to ignore the plain

5

Case No. 2023-L-035

language of R.C. 5717.04, which is written in mandatory terms ('*shall* submit, at the same time, a copy of the notice of appeal.')." (Emphasis sic.)  *Gallick* at ¶ 10.

{¶11}  The Supreme Court of Ohio has held, for purposes of an appeal to the Board of Tax Appeals pursuant to R.C. 5717.01, that delivering a copy of the notice of appeal to a prosecutor is insufficient to meet the requirement that a copy be filed with the board of revision.  *See Salem Med. Arts and Dev. v. Columbiana Cty*, 80 Ohio St.3d 621, 623, 687 N.E.2d 746 (1998) (because R.C. 5717.01 *required* that the appealing party serve the board of revision, service of a copy of the notice of appeal upon the board's counsel was insufficient, and the appeal was properly dismissed).  By extension, R.C. 5717.04, which requires an appealing party to submit "a copy of the notice of appeal to the county board of revision and the county auditor," is a necessary requirement for triggering this court's jurisdiction.

{¶12}  In light of the foregoing authority, we conclude that filing a copy of the notice of appeal with the county board of revision and the county auditor, pursuant to R.C. 5717.04, runs to the core of procedural efficiency.  The statute plainly provides that a copy of the notice of appeal shall be filed with the board of revision and the auditor.  This is not a glorification of procedural form over meaningful substance.  The board of revision and auditor have a clear stake in the judgment appealed and are therefore entitled to actual notice of the filing.  The county prosecutor, as counsel for each, is a representative of the parties.  Counsel, while a legal conduit to a party in an instituted proceeding, cannot be deemed equivalent to the statutory individual or party, especially where a statute specifically requires additional filings placing specific parties on notice of a statutory appeal.  This requirement places the board of revision and the auditor on notice of

6

Case No. 2023-L-035

matters that will affect previously established rights and obligations. Actual notice of a pending proceeding is an element of traditional notions due process. Accordingly, we hold that the requirement that an appealing party file a copy of the notice of appeal with the county board of revision and the county auditor goes to the core of procedural efficiency. It is therefore a jurisdictional requirement for perfecting an appeal under R.C. 5717.04.

{¶13} The property owner served only the prosecutor with a copy of the notice of appeal, but did not specifically file a copy of the notice with appellee or the auditor contrary to the express language of R.C. 5717.04. Accordingly, the property owner failed to perfect his appeal and, as a result, has not properly invoked this court's jurisdiction to consider the appeal.

{¶14} Because the foregoing analysis is sufficient to support our disposition, we need not address appellee's remaining arguments in support of its motion.

{¶15} For the reasons set forth in this opinion, appellee's motion to dismiss is granted. The appeal is dismissed for the property owner's failure to comply with necessary statutory procedures for invoking this court's subject-matter jurisdiction under R.C. 5717.04.


JOHN J. EKLUND, P.J.,

ROBERT J. PATTON, J.,

concur.

7