[Cite as *Cleveland v. Hasan*, 2013-Ohio-820.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98490

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## KENNETH HASAN

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2011 TRD-070532

**BEFORE:** McCormack, J., Celebrezze, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** March 7, 2013

**FOR APPELLANT**

Fareed Hasan Bey
ex rel. Kenneth F. Hasan
c/o 634 East 124th Street
Cleveland, OH 44108


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Director of Law
Victor R. Perez
Chief Prosecutor
Connor P. Nathanson
Assistant Prosecutor
City of Cleveland
Justice Center – 8th Floor
1200 Ontario Street
Cleveland, OH 44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant, Kenneth Fareed Hasan, appeals from a judgment of the trial court finding him guilty of various traffic offenses after a bench trial. For the following reasons, we affirm the judgment of the trial court.

{¶2} On December 12, 2011, Hasan was pulled over by a police officer after the officer observed him running through a red light. The officer cited him with violations of Cleveland Codified Ordinances 413.03 (disobeying traffic control signal), 435.06 (refusing to display a driver's license), and 437.27(B)(1) (failing to wear seat belt). Hasan was arraigned, and the court advised him of his rights. Because he refused to enter a plea, the court entered a not guilty plea on his behalf. The matter then proceeded to a bench trial.

{¶3} At trial, Officer David Smith testified that on December 12, 2011, he was monitoring the traffic in an intersection near a school area, where the crossing guards had complained of seeing drivers running through the red light and speeding. Around 8:20 a.m., when the children were going to the school, Officer Smith saw Hasan's vehicle, a Chevy TrailBlazer, going through the light. He pursued the vehicle and stopped it. When Officer Smith asked for Hasan's driver's license, he stated, "I don't have one." When asked for his vehicle registration, Hasan claimed "it belongs to the state"; when asked for his ID, Hasan gave the officer his Moorish ID card. The officer learned his name was Kenneth Hasan only after running the vehicle's license plate. In response to

his claim that he does not have a driver's license, the city submitted a print-out from the Bureau of Motor Vehicles, which shows the bureau issued Hasan a driver's license on March 9, 2009.

{¶4} Hasan stated to the trial court that he is "F. Hasan Bey, former Kenneth Torey Hasan, authorized representative of Kenneth Gary Hasan, not the person that was created by legislature." He challenged the trial court's authority over him "as flesh and blood" and asked for the prosecutor's license to practice law. He objected when Officer Smith stated his name, claiming "Smith" is an English name, not an "American" name, and therefore, the officer has a "false identity." When given the opportunity to cross-examine Officer Smith, instead of eliciting testimony relating to the traffic offenses, Hasan questioned the source of the city of Cleveland's power to authorize its police officers to make traffic stops. He did not provide testimony or otherwise offer any evidence regarding the traffic violations. Rather, he argued he did not know he was obligated to have a driver's license, and he claimed a crime had not been committed because no one was injured. He also claimed the city did not prove his offenses because the city's only evidence consisted of the officer's testimony, unsupported by any physical evidence. When asked by the prosecutor whether he received the citation from Officer Smith, he pleaded the Fifth Amendment. Although the citation showed a signature of "Fareed Hasan Bey, Authorized Representative," Hasan denied having signed the citation. He also claimed he was never issued a driver's license from the state of Ohio, despite the state's exhibit showing the contrary.

{¶5} The trial court found him guilty of all three traffic offenses and sentenced him to 180 days in jail (160 days suspended) and a $1,000 fine ($800 suspended) for refusing to display the driver's license, a fine of $150 for disobeying the traffic control signal, and a fine of $30 for the failure to wear a seatbelt. The court stayed the execution pending an appeal to this court.

{¶6} On appeal, Hasan raises five assignments of error. A review of the appellant's brief reveals that the "argument" under each assignment consists primarily of disjointed sentences. Some assignments of error are devoid of any legal authority; others cite unrelated case law. In the following, we address, to the best of our ability, the claims we are able to discern from the assignments of error.

{¶7} Under the first assignment of error, Hasan appears to claim that there does not exist sufficient evidence for his convictions of the traffic offenses. When reviewing a challenge of the sufficiency of the evidence, an appellate court examines the evidence admitted at trial and determines whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "The pertinent inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*.

{¶8} Hasan claims the evidence is insufficient because the city did not offer any physical evidence and its case consisted only of the police officer's testimony. We note

that eyewitness testimony is a form of direct evidence. *See State v. Evans*, 4th Dist. No. 10CA1, 2012-Ohio-1562, ¶ 37. The city offered Officer Smith's testimony that he observed the vehicle driven by Hasan going through the red light. The officer also testified that when he asked Hasan for his driver's license, Hasan stated he did not have a driver's license. Regarding the seatbelt violation, the officer stated at cross-examination that the citation for this offense was based "on the fact[ ] [Hasan was] not wearing a seatbelt." The officer's testimony based on his personal observation of the defendant's conduct, if believed by the trier of fact, constituted sufficient evidence for the three traffic offenses prohibited by Cleveland Codified Ordinances 413.03, 435.06, and 437.27(B)(1). The first assignment of error is without merit.

{¶9} Under the second assignment of error, Hasan claims that he demanded a jury trial, but was denied by the trial court, and that he never waived a jury trial.

{¶10} Crim.R. 23 governs a defendant's right to a jury trial. Crim.R. 23(A) states:

> In *serious* offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. Such waiver may also be made during trial with the approval of the court and the consent of the prosecuting attorney. In *petty* offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto. (Emphasis added.)

{¶11} Crim.R. 2(C) defines a "serious offense" as any felony and misdemeanor for which the penalty is confinement of more than six months. Crim.R. 2(D) defines a

"petty offense" as a "misdemeanor other than [a] serious offense." Here, the offense of refusing to display a driver's license is a first degree misdemeanor, the maximum term of incarceration for which is six months. Therefore, Hasan's first degree misdemeanor offense is a "petty offense." A defendant charged with a "petty offense" has a right to jury trial if the potential penalty included a term of confinement or a fine exceeding one thousand dollars. R.C. 2945.17. Therefore, Hasan had a right to a jury trial, if properly demanded under Crim.R. 23. The jury demand must be made in writing, and a failure to do so constitutes a complete waiver of the right.

{¶12} Our review of the record does not reflect that Hasan made a proper jury demand pursuant to Crim.R. 23. He alleges he made such a demand on February 9, 2012. A review of the docket reflects that, on that day, he filed a document titled "AFFIDAVIT OF FACT/ WRIT OF DISCOVERY," where he made a series of disjoined, incomprehensible statements. Referring to the traffic ticket (No. 2157878) issued by the officer, he stated, incongruously, "I am rebutting this fraudulent instrument (2157878), which is a fraud, prima facie evidence, and a deliberate tort. A corporate policy, is not the law of the Land and the issuer of this instrument (2157878) is violating Article 1, Section 10 of the Constitution of the United States." The only statement in the document that referenced a jury trial is the following: " If this Affidavit/Discovery is ignored and the court proceeds with the trial, I'll then exercise Traffic Rule 9(a) (Demand Jury Trial), Civ.R. 38(a)(b), Crim.R. 22(a), Ohio Constitution, Article 1 Section 5 and the United States Constitution, Seventh Amendment."

**{¶13}** The February 9, 2012 document was styled as "an affidavit of fact" and "writ of discovery," not a demand for jury trial. Moreover, the request was stated conditionally, rather than affirmatively. We, therefore, conclude that the record does not reflect a definite demand for a jury trial as required by Crim.R. 23. The second assignment of error is without merit.

**{¶14}** Hasan's third assignment of error states "[c]ourt error by not having a physical body as the injured party (Corpus delicti), with a verified complaint." Hasan fails to cite any law for his claim, and we are unable to discern any cogent argument raised under this assignment. App.R. 16(7) requires "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." Pursuant to App.R. 12(A)(2), we may disregard an assignment of error if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7). *See Musarra v. Cuyahoga Cty. Auditor*, 8th Dist. No. 98321, 2012-Ohio-3967, ¶ 12. Therefore, we summarily overrule this assignment of error.

**{¶15}** The fourth assignment of error states that the trial court "made an arbitrary decision on the testimony of a not creditable [sic] witness." Hasan alleges the police officer's testimony was not credible and "evasive" in parts. "[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the

syllabus. The trial court was free to believe or disbelieve all or any of the officer's testimony, and we will not substitute the trial court's assessment of the witness's credibility. *State v. Montgomery*, 8th Dist. No. 95700, 2011-Ohio-3259, ¶ 10. This assignment of error lacks merit.

{¶16} In the fifth assignment of error, Hasan claims the trial court did not have jurisdiction to decide this matter. R.C. 1901.20 addresses subject matter jurisdiction for municipal courts and provides that municipal courts have jurisdiction over traffic offenses. *See also State ex rel. Brady v. Howell*, 49 Ohio St.2d 195, 360 N.E.2d 704 (1977) (municipal court has jurisdiction to hear a case involving a traffic violation). This assignment of error is without merit.

{¶17} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KENNETH A. ROCCO, J., CONCUR