[Cite as *Cleveland MetroParks v. Sferra*, 2018-Ohio-3169.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106341**

**CLEVELAND METROPARKS**

PLAINTIFF-APPELLEE

vs.

**MATTHEW L. SFERRA**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2017 CRB 015713

**BEFORE:** Laster Mays, J., Kilbane, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** August 9, 2018

-i-

**FOR APPELLANT**

Matthew L. Sferra, pro se
21 Everette Road
Painesville, Ohio 44077


**ATTORNEY FOR APPELLEE**

Anne Eisenhower
Chief Prosecuting Attorney
Cleveland Metroparks
4600 Valley Parkway
Fairview Park, Ohio 44126

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant, Matthew L. Sferra ("Sferra"), proceeding pro se, appeals the decision of the Cleveland Municipal Court finding him guilty of operating a watercraft at Edgewater Beach between sunset and sunrise (R.C. 1547.41(A)(3)) and failure to disclose personal information (R.C. 2921.29(A)(1)) when asked for identification. Sferra claims that the Marine Patrol Unit of the Cleveland Metroparks Rangers Department ("CMRD Unit") lacked jurisdiction and authority to arrest him. We affirm the trial court's judgment.

## I. Background and Facts

{¶2} At the August 3, 2017 arraignment in the Cleveland Municipal Court, Sferra refused to be represented by counsel and refused to enter a plea. Sferra asked "to motion the Court to show me jurisdiction." (Arraignment, tr. 3.) Sferra objected to the trial court's entry of a not guilty plea on his behalf, stating "[t]his is a commercial court." (Arraignment, tr. 4.)

{¶3} At the August 23, 2017 pretrial, the trial court entertained Sferra's motion to dismiss for lack of jurisdiction where he argued that: (1) he had not entered into a commercial contract allowing personal jurisdiction; (2) no crimes had been committed; (3) no party had been damaged or injured; (4) the driver's license number on the citation did not relate to the jet ski; and (5) reserving his rights under sections "1-207 also known as 308" of the Uniform Commercial Code. (Pretrial, tr. 4.) The motion was denied.

{¶4} CMRD Unit Sergeant Willits ("Sgt. Willits") and Rangers Shearn and DeClant testified at the September 20, 2017 trial. The rangers explained that the CMRD Unit are

commissioned as special deputies with the Cuyahoga County Sheriff's Office that gives them jurisdiction to patrol the waters in Cuyahoga County.

{¶5} On July 20, 2017, shortly before sunset at 8:55 p.m., the rangers were patrolling the Edgewater Beach areas of Cuyahoga County in an official patrol vessel. The rangers were advising operators of personal watercrafts such as jet skis of the requirement to beach the vehicles at sunset pursuant to law. The CMRD Unit observed a female operator and a male passenger riding on a jet ski and announced that the jet ski must cease operations in 15 minutes.

{¶6} The CMRD Unit subsequently observed the jet ski move toward the beach and later toward Rocky River with a female operator and a female passenger. Within five to ten minutes, the rangers observed the jet ski returning to Edgewater. As the rangers approached, the jet ski headed into a shallow area where the rangers could not follow. The jet ski did not respond to the rangers' horn and siren and continued to the beach. Approximately five minutes later, ten minutes after sunset, the rangers observed Sferra get onto the jet ski on the beach and head out into the lake.

{¶7} The rangers activated lights for Sferra to inform Sferra that he should approach the boat. Sferra was informed by Ranger Shearn that he was violating the law by operating the jet ski after sunset. Sferra refused to provide identification, explaining that the rangers lacked authority to stop him. Sferra was warned that he would be detained and his jet ski impounded until he provided identification.

{¶8} Sferra was taken to the CMRD Unit dock where he finally provided identifying information to prevent detention and impoundment of the jet ski. He received a citation for the violation, and maintained that he did not agree that the CMRD Unit had legal authority to act, and he requested to opt out of the law.

**{¶9}** Sferra refused to cross-examine the witnesses, present a defense, or otherwise participate in the proceedings except to say that the trial court lacked jurisdiction and that he planned to appeal.

## II. Assignments of Error

**{¶10}** Sferra presents the following assigned errors:

I. Rights were affected.

II. Effect of erroneous ruling.

III. The trial court erred in practicing law from the bench when it entered a plea of "not guilty" on both charges in order to preserve the rights of appellant.

IV. The evidence was insufficient to support the conviction.
V. Appellant's conviction was against the manifest weight of the evidence.

## III. Discussion

### A. Rights were affected

**{¶11}** Here Sferra argues that the watercraft citation violates his Fifth Amendment right to travel as judicially recognized in *Kent v. Dulles*, 357 U.S. 116, 125, 78 S.Ct. 1113, 2 L.Ed.2d 1204 (1958). "The right to travel is a part of the 'liberty' of which the citizen cannot be deprived without due process of law under the Fifth Amendment." *Id*.

**{¶12}** Interstate travel is a "fundamental right under the United States Constitution" that "may only be limited by a compelling government interest." *Cleveland v. Wilson*, 2017-Ohio-540, 85 N.E.3d 299, ¶ 11 (8th Dist.), citing *Shapiro v. Thompson*, 394 U.S. 618, 631, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969), *overruled in part on other grounds*, *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).

**{¶13}** This case does not involve interstate travel, rather it involves the operation of a

watercraft within the state. We find that, like the operation of a motor vehicle, operating a watercraft is a privilege[1] that is subject to regulation under Ohio's police powers. *Id*. at ¶ 12, citing *State v. Bradley*, 12th Dist. Warren No. CA89-09-052, 1990 Ohio App. LEXIS 1270, at 7 (Apr. 2, 1990), citing *State v. Starnes*, 21 Ohio St.2d 38, 45, 254 N.E.2d 675 (1970), and *Breithaupt v. Abram*, 352 U.S. 432, 439, 77 S.Ct. 408, 1 L.Ed.2d 448 (1957).

{¶14} Ohio has reserved "the exclusive right to regulate the minimum equipment requirements of watercraft" "operated on the waters in this state." R.C. 1547.02. That regulation is in addition to federal law except where inconsistent. *Id*. While the Ohio Department of Natural Resources ("ODNR") is responsible for the "care, protection, and enforcement" of Ohio's Lake Erie waterway rights, that jurisdiction is not exclusive. 2006 Ohio Atty.Gen.Ops. No. 2006-043, at p. 12, citing R.C. 1506.10.

{¶15} The jurisdiction of the ODNR's forest, preserve, park, and watercraft officers is concurrent with the peace officers of the jurisdiction where the violation occurs. *Id.*, citing 1996 Ohio Atty.Gen.Ops. No. 96-014 at 2-59 and supporting statute R.C. 1531.16. "[C]ounty sheriffs and deputy sheriffs 'shall have the power conferred upon wildlife officers.'" *Id*., citing R.C. 1531.16.

{¶16} Sheriffs of the lakefront counties including Cuyahoga County "are authorized to enforce the laws of Ohio on the waters of Lake Erie that are within" their territorial boundaries. *Id*. The Lake Erie boundary extends to the international boundary between the United States and Canada on Lake Erie. The Cuyahoga County Public Safety Marine Patrol Unit division of the

---

[1] "There is a citizenship of the United States and a citizenship of the [s]tate which are distinct from each other, *Slaughter-House Cases*, 83 U.S. 36, 21 L.Ed. 394 (1872); and privileges and immunities, although fundamental, which do not arise out of the nature and character of the National Government, or are not specifically protected by the Federal Constitution, are attributes of state, and not of [n]ational, citizenship." *Twining v. New Jersey*, 211 U.S. 78, 29 S.Ct. 14, 53 L.Ed. 97 (1908).

Cuyahoga County Sheriff's Office is also charged with enforcing state and local laws along Lake Erie. The rangers testified that officers of the CMRD Unit are commissioned as special deputies with the Cuyahoga County Sheriff's Office. The rangers had authority to issue the citations in this case.

{¶17} R.C. 1901.20 gives the Cleveland Municipal Court jurisdiction to hear misdemeanor cases committed within its territory and over traffic violations. *Cleveland v. Hasan*, 8th Dist. Cuyahoga No. 98490, 2013-Ohio-820, ¶ 16, citing *State ex rel. Brady v. Howell*, 49 Ohio St.2d 195, 360 N.E.2d 704 (1977).

{¶18} The first assignment of error is without merit.

**B.      Effect of Erroneous Ruling**

{¶19} Our determination under the first assigned error, finding that jurisdiction exists in this case and that Sferra's Fifth Amendment rights have not been infringed, renders the second assigned error moot. App.R. 12(A). Sferra also proffers a brief argument addressing the sufficiency of the evidence. We will respond to that argument under the fourth assigned error that specifically challenges sufficiency.

**C.      Trial Court's Entry of a Not Guilty Plea on Appellant's Behalf**

{¶20} Sferra's third assigned error challenges the authority of the trial judge to enter a not guilty plea on Sferra's behalf after Sferra refused to plead, refused the appointment of counsel, and was otherwise uncooperative in at the arraignment proceedings. Sferra posits that the trial court's conduct constituted the practice of law under R.C. 4705.01 and 2301.33. We find that Sferra misconstrues those statutes.

{¶21} R.C. 4705.01 and 2301.33 prohibit a judge from engaging in the practice of law in a representative capacity during the judge's term in office. *Grub v. Karras*, 11th Dist. Lake

No. 2000-L-099, 2001 Ohio App. LEXIS 3194, at 7-8 (July 13, 2001), citing R.C. 4705.01 and Canon 4(F) of the Code of Judicial Conduct.[2]   The purpose of these statutes and ethical canons is to preserve the integrity and impartiality of the judiciary.   "A judge shall uphold and promote the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety."   Canon 1 of the Code of Judicial Conduct.

{¶22}   The trial court's conduct is authorized by Crim.R. 11(A), which provides, "[i]f a defendant refuses to plead, the court shall enter a plea of not guilty on behalf of the defendant." *Westlake v. Smith*, 8th Dist. Cuyahoga Nos. 49343 and 49344, 1985 Ohio App. LEXIS 7250, at 10 (Oct. 3, 1985).   Sferra repeatedly refused to enter a plea, and he was not prejudiced by the trial court's application of this rule.   *Id*.

### D.   Manifest Weight and Sufficiency of the Evidence

{¶23}   We combine the fourth and fifth assigned errors questioning the sufficiency and weight of the evidence for purposes of judicial economy.

{¶24} "The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997).   A challenge to the sufficiency of the evidence is a question of law that asks whether the state met its burden of production.   A manifest weight challenge is a question of fact and asks whether the state met its burden of persuasion.   *State v. Jackson*, 8th Dist. Cuyahoga No. 88028, 2007-Ohio-823, ¶ 11, citing *Thompkins* at 386.

{¶25}   The sufficiency inquiry is not whether the prosecution's evidence "is to be believed, but whether, if believed, the evidence admitted at trial supported the conviction."

---

[2]   Canon 4(F) is currently Canon 3, Rule 3.10 of the Ohio Code of Judicial Conduct (Effective Mar. 1, 2009; as amended June 6, 2017).

*State v. Rudd*, 8th Dist. Cuyahoga No. 102754, 2016-Ohio-106, ¶ 32, citing *State v. Starks*, 8th Dist. Cuyahoga No. 91682, 2009-Ohio-3375, ¶ 25. We view the evidence in a light most favorable to the prosecution and determine whether "'any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶26} In our manifest weight review of a bench trial verdict, we recognize that the trial court is serving as the factfinder, and not a jury:

> "Accordingly, to warrant reversal from a bench trial under a manifest weight of the evidence claim, this court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered."

*State v. Strickland*, 183 Ohio App.3d 602, 2009-Ohio-3906, 918 N.E.2d 170, ¶ 25 (8th Dist.), quoting *Cleveland v. Welms*, 169 Ohio App.3d 600, 2006-Ohio-6441, 863 N.E.2d 1125 (8th Dist.), citing *Thompkins* at 390. *See also State v. Kessler*, 8th Dist. Cuyahoga No. 93340, 2010-Ohio-2094, ¶ 13.

{¶27} Further,

> Although sufficiency and manifest weight are different legal concepts, manifest weight subsumes sufficiency in conducting the legal analysis; that is, a finding that a conviction was supported by the manifest weight necessarily includes a finding of sufficiency. Thus, a determination that a conviction is supported by the weight of the evidence will also dispose of the issue of sufficiency.

*State v. Jackson*, 8th Dist. Cuyahoga No. 100125, 2015-Ohio-1946, ¶ 11, citing *Thompkins* at paragraph two of the syllabus.

{¶28} R.C. 1547.41(A)(3) provides that "[n]o person shall operate a personal watercraft

at any time between sunset and sunrise." R.C. 2921.29(A)(1) prohibits an individual from refusing to provide identification to a law enforcement officer who has a reasonable suspicion that the person is committing or is about to commit a criminal offense.

{¶29} Sferra offered no evidence rebutting that of the state as to the elements of the charges. Sferra was cited for operating a watercraft after sunset and repeatedly refused to provide identification until detention and impoundment were imminent.

{¶30} Sgt. Willits and Rangers Shearn and DeClant testified based on their direct observations and interactions with Sferra. Each ranger personally observed the jet ski operations on the evening in question. Each ranger testified that Sferra was the individual operating the jet ski after sunset, and that Sferra refused to provide identification until advised that he would be detained and the jet ski impounded.

{¶31} After a thorough review of the record, we find sufficient evidence to sustain the convictions. We further find that the convictions are not against the manifest weight of the evidence.

{¶32} Sferra's fourth and fifth assignments of error are overruled.

IV. **Conclusion**

{¶33} Appellant's convictions are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, P.J., and
TIM McCORMACK, J., CONCUR